# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0876

MICHELLE R. GOODWIN, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided     May 19, 2008 )

*Robert V. Chisholm*, of Providence, Rhode Island, was on the brief for the appellant.

*Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Tracy K. Alsup*, Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, LANCE, and DAVIS, *Judges*.

DAVIS, *Judge*: In a single-judge memorandum decision dated May 2, 2007, the Court affirmed a February 18, 2005, decision of the Board of Veterans' Appeals (Board) that denied an effective date earlier than April 12, 2000, for the appellant's service-connected post-traumatic stress disorder (PTSD). On May 18, 2007, the appellant filed a timely motion for single-judge reconsideration.

In order to address issues raised by the reconsideration motion as to the interaction of recent precedent of this Court and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), the Court requested and received a response from the Secretary. Upon consideration of the arguments presented in the appellant's reconsideration motion, the Secretary's response, and the associated briefs, the Court assigned the case for panel consideration. The panel hereby withdraws the May 2, 2007, decision, and issues this decision in its place.

The appellant argues that VA failed to provide adequate notice, pursuant to the Veterans

Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, § 3(a), 114 Stat. 2096 (codified in part at 38 U.S.C. § 5103(a)), as to the effective date element of her PTSD claim, styled as an "earlier effective date claim." This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the following reasons, we affirm the February 2005 Board decision.

## I. BACKGROUND

The appellant served on active duty in the U.S. Navy from April 1985 to July 1991. In October 1991, she submitted a service-connection claim for chronic stress. In July 1992, the San Diego, California, VA regional office (RO) denied her service-connection claim for a psychiatric disability, and the decision became final. In October 1998, the Muskogee, Oklahoma, RO considered medical evidence the appellant submitted as an informal claim for PTSD linked to an alleged incident of sexual harassment. In February 1999, the RO denied service connection for PTSD, and that decision also became final.

In April 2000, the appellant submitted new medical records dated March 2000 in support of her service-connection claim for PTSD. In August 2000, the RO reopened but denied her claim on the merits, and she filed a Notice of Disagreement (NOD) as to that decision in December 2000. The RO issued a Statement of the Case (SOC) in March 2002 maintaining denial of the PTSD claim.

Following an April 2002 VA medical examination,[1] the RO granted service connection for PTSD and total disability based on individual unemployability (not permanent) in a July 2002 rating decision, assigning an effective date of May 15, 2000. This rating decision also denied dependents' educational assistance on the basis that the disability was not permanent. In October 2002, the appellant filed an NOD contesting the May 15, 2000, effective date, the denial of a permanent and total disability rating, and the denial of dependents' educational assistance. In a June 2003 SOC, the RO granted an earlier effective date of April 12, 2000, for the appellant's PTSD, explaining that its assignment of a May 2000 effective date was erroneous. In a July 2003 decision, a decision review

---

[1]It is not clear from the record what prompted this medical examination, and the briefs do not explain why VA sought further medical evidence after maintaining the denial in the March 2002 SOC.

officer maintained the denial of an effective date earlier than April 2000 and the appellant filed another NOD, seeking an earlier effective date and a permanent and total disability rating.

In a September 2003 letter, the RO explained the evidentiary requirements pertaining to the claims for a permanent and total disability rating and for dependents' educational assistance. The September 2003 letter, however, discussed no evidentiary requirements for establishing an earlier effective date for the service-connected PTSD. The RO issued an SOC in December 2003 and a Supplemental SOC (SSOC) in July 2004, both of which maintained the denial of an effective date earlier than April 2000. In its decision here on appeal, the Board also denied entitlement to an effective date earlier than April 2000 while granting permanency for the PTSD rating.

## II. CONTROLLING LAW

"Upon receipt of a complete or substantially complete application" for benefits, the Secretary must inform the claimant of (1) information and evidence not previously provided to the Secretary that is necessary to substantiate the claim; (2) the portion of that information and evidence, if any, that the claimant is expected to provide; and (3) the portion of that information and evidence, if any, that the Secretary will attempt to obtain on behalf of the claimant. 38 U.S.C. § 5103(a); *see also Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002). In addition, this Court has held that the implementing regulation, 38 C.F.R. § 3.159(b)(1), imposes a fourth element, that VA "request that the claimant provide any evidence in the claimant's possession that pertains to the claim." *Pelegrini v. Principi*, 18 Vet.App. 112, 121 (2002). Errors with respect to these notice elements are referred to as first-element, second-element, third-element, and fourth-element notice errors, respectively. *See Sanders v. Nicholson*, 487 F.3d 881, 886 (2007), *petition for cert. filed*, *Peake v. Sanders* (U.S. Mar. 21, 2008) (No. 07-1209).

Of primary importance in the VCAA statutory scheme and the jurisprudence that has developed following its enactment is the principle that "VA [shall] provide affirmative notification to the claimant *prior to the initial decision* in the case as to the evidence that is needed and who shall be responsible for providing it." *Mayfield v. Nicholson*, 444 F.3d 1328, 1333 (2006) (*Mayfield II*) (emphasis added); *see also Sanders*, 487 F.3d at 886 (citing *Mayfield II*, 444 F.3d at 1333); *Hartman v. Nicholson*, 483 F.3d 1311, 1314 (2007) (citing *Mayfield II*, 444 F.3d at 1333). To that end,

"section 5103(a) assumes a fundamental role in furthering an interest that goes to the very essence of the nonadversarial, pro-claimant nature of the VA adjudication system . . . by affording a claimant a meaningful opportunity to participate effectively in the processing of his or her claim." *Mayfield v. Nicholson*, 19 Vet.App. 103, 120-21 (2005) (*Mayfield I*) (citation omitted).

In *Mayfield I*, this Court addressed in detail the rule of prejudicial error in the VCAA notice context. *Id.* Initially, we held that "before prejudice becomes relevant . . . the Court must conclude that there has been an error . . . . [and that] every appellant must carry the general burden of persuasion regarding contentions of error." *Id.* at 111. Turning to the issue of prejudicial error, the Court concluded that first-element notice errors have the effect of naturally producing prejudice. The Court therefore assigned to the Secretary the burden of either refuting the allegation of error or demonstrating that the claimant was not prejudiced by the error, even in the absence of an allegation of prejudice. *Id.* at 122. As to second-, third-, and fourth-element notice errors, as well as timing errors, we held that the burden of establishing prejudice was on the claimant. *Id.* at 122-23.

In *Dingess v. Nicholson*, 19 Vet.App. 473 (2006), we further addressed the VCAA's substantive notice requirements. Particularly, we clarified the meaning of the term "claim" as consisting of five elements: (1) Claimant's status as a veteran; (2) existence of a current disability; (3) nexus between the disability and the veteran's service; (4) degree of disability; and (5) effective date of the disability. *Id.* at 484. We held that VCAA notice requirements apply to all five elements of a claim. *Id.* at 486. With respect to the effective-date element, we stated that VCAA notice must, at a minimum, include a statement that an effective date for the award of benefits will be assigned if service connection is granted and that this date will be assigned based on when the evidence of the disability was submitted, or the day after the veteran's discharge if that evidence was submitted within one year of discharge. *Id.* at 486, 488. Additionally, the content of the application for benefits may raise more specific evidentiary requirements that VA must address with regard to particular elements of the claim. *Id.* at 487, 488-89.

In *Dingess*, the Court considered a situation where a decision awarding service connection, a disability rating, and an effective date has been issued *prior to* the enactment of the VCAA, but the claimant nonetheless argued that he was prejudiced by inadequate VCAA notice. The Court held that "[i]n cases where service connection has been granted and an initial disability rating and

4

effective date have been assigned, the typical service-connection claim has been more than substantiated–it has been proven." *Id.* at 491. Hence, the Court held that after an appellant has filed an NOD as to the initial effective date or disability rating assigned–thereby initiating the appellate process–different, and in many respects, more detailed notice obligations arise, the requirements of which are set forth in sections 7105(d) and 5103A. *Id.* The Court ultimately held that VCAA notice was not required because "the purpose that the notice [was] intended to serve has been fulfilled." *Id.*

In *Mayfield II*, the Federal Circuit held that VCAA-compliant notice may not be accomplished by aggregating postdecisional documents from which a veteran might have been able to glean what evidence was lacking at the time of the initial adjudication. 444 F.3d at 1333. Furthermore, in reviewing a Board finding of VCAA compliance, this Court may only consider the content of the communications on which the Board relied in making that finding. *Id.* at 1334.

The Federal Circuit noted that because the VCAA became effective after the initial decision by the RO, strict compliance with the timing requirements set forth in *Mayfield I* was impossible. Instead, the Federal Circuit held that such a timing problem could be "cured" by issuing a fully compliant VCAA notice and then readjudicating the claim. *Id.* In a subsequent decision after remand, the Federal Circuit upheld this Court's holding that an SSOC may serve as a readjudication. *See Mayfield v. Nicholson*, 499 F.3d 1317, 1323 (Fed. Cir. 2007) (*Mayfield III*). The Federal Circuit further clarified that because the initial timing error was cured by a VCAA-compliant notice and subsequent readjudication, harmless error analysis is not needed with respect to that initial timing error. *Id.* at 1324. The Federal Circuit did not, at that time, address our prejudicial-error analysis. Thereafter, this Court issued its decision in *Overton v. Nicholson*, 20 Vet.App. 427 (2006), reaffirming the prejudicial error analysis in *Mayfield I. Id.* at 439.

Subsequently, in *Dunlap v. Nicholson*, 21 Vet.App. 112 (2007), we considered the requirements of 38 U.S.C. § 5103(a) in the context of a claim for which VA granted service connection after enactment of the VCAA, but without issuing pre-adjudication notice. Although we agreed with the appellant that there was a VCAA notification error, we held that the prejudice analysis is altered by the fact that the claim was substantiated and not denied. Preliminarily, we rejected the appellant's contention that an NOD disputing the initial disability rating constituted a

5

new claim requiring another VCAA notification. We held that the NOD initiates appellate review of the rating decision and does not constitute a new claim for a rating increase. *Id.* at 117 (citing *Grantham v. Brown*, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997)). We further held that when a notice error occurs, and the claim is subsequently substantiated, the Court will no longer presume that the notice error is prejudicial. *Id.* at 119. Rather, the appellant must demonstrate that the notification error affected the essential fairness of the adjudication. *Id.*

After our decision in *Dunlap,* the Federal Circuit, in *Sanders, supra*, fully addressed the prejudicial-error analysis this Court announced in *Mayfield I. See Sanders*, 487 F.3d at 881. In *Sanders*, the veteran's claim had been reopened after remand on the basis of new and material evidence. After furnishing two VA medical examinations, the RO issued two SSOCs denying the claim. Relying on the VA medical examinations as the most probative evidence, the Board also denied the reopened claim. On appeal to this Court, the claimant argued that VA failed to furnish VCAA-compliant notice identifying the party responsible for obtaining evidence necessary to substantiate the claim.

At that time, pursuant to *Mayfield I*, this Court required appellants to demonstrate prejudice from second-, third-, and fourth-element notice errors. Because Sanders had not alleged any specific prejudice from the notice errors, this Court held that Sanders had not carried his burden of demonstrating prejudice and that the Court therefore did not need to decide whether any notice error had occurred. The Court affirmed the Board's denial of service connection.

The Federal Circuit, however, held that all VCAA notice errors are to be presumed prejudicial, and that VA has the burden of rebutting this presumption. *See Sanders*, 487 F.3d at 889, 891; *accord Simmons v. Nicholson*, 487 F.3d 892 (Fed. Cir. 2007). The Secretary may demonstrate lack of prejudice by demonstrating, for example, that any notice defect was cured by actual knowledge on the part of the claimant, that a reasonable person could be expected to understand from the notice provided what was needed, or that a benefit could not possibly be awarded as a matter of law. *See Sanders*, 487 F.3d at 887 (reiterating this Court's language in *Mayfield I*, 19 Vet.App. at 121).

Subsequent to *Sanders, supra,* both this Court and the Federal Circuit have elaborated on the required format and content of VCAA-compliant notice. Such notice "may be generic in the sense

that it need not identify evidence specific to the individual claimant's case (though it necessarily must be tailored to the specific nature of the veteran's claim)." *Wilson v. Mansfield*, 506 F.3d 1055, 1062 (Fed. Cir. 2007); *see, e.g., Kent v. Nicholson*, 20 Vet.App. 1, 9-10 (2006) (holding that, in claims to reopen, VCAA notice requires discussion of new and material evidence and explanation of evidence required to substantiate elements found insufficient in previous decision). The VCAA does not require a "predecisional adjudication" of the specific evidence pertaining to a particular claim because "the duty to notify deals with evidence gathering, not the analysis of already gathered evidence." *Locklear v. Nicholson*, 20 Vet.App. 410, 415-16 (2006); *see also Wilson*, 506 F.3d at 1059 (rejecting argument that VCAA requires "specific notice" that includes pre-decisional assessment of the evidence). VCAA-compliant notice need not be provided in a single document, *Mayfield II*, 444 F.3d at 1333, but when multiple documents are employed, "they must relate to notice and contain the same content or serve the same purpose as section 5103(a) notification." *Vazquez-Flores v. Peake*, 22 Vet.App. 37, 42 (2008). "What the statute and regulation require is that the claimant be given the required information prior to the VA's decision on the claim and in a form that enables the claimant to understand the process, the information that is needed, and who will be responsible for obtaining that information." *Mayfield II*, 444 F.3d at 1333.

As noted above, this Court has extensively discussed the role of VCAA notice in the entire VA adjudication scheme. "[O]nce a decision awarding service connection, a disability rating, and an effective date has been made, section 5103(a) notice has served its purpose, and its application is no longer required because the claim has already been substantiated." *Dingess*, 19 Vet.App. at 490. Thereafter, the notice requirements of 38 U.S.C. §§ 5104 and 7105 control as to further communications with the claimant during the administrative portion of the appeal. *Id.*; *see also Mayfield II*, 444 F.3d at 1333 (notice of decision and SOC under sections 5104 and 7105 serve different purposes under different statutory requirements than pre-adjudicatory VCAA notice).

## III. ANALYSIS

This case raises two issues for the Court's consideration. First, we must review the appellant's contention that VA did not furnish VCAA-compliant notice as to the effective-date element of her PTSD claim. Second, we must consider the treatment of any VCAA notice error in

view of the fact that the appellant's PTSD claim has been substantiated.

## A. Adequacy of VCAA Notice

The threshold issue in this case is whether VA afforded the appellant VCAA-compliant notice. Clearly, VA did not attempt to give any sort of notice before the initial adjudication of the appellant's reopened claim, or even before the subsequent RO decision that granted service connection for her PTSD claim. The Board found that the issuance of July 2003 and September 2003 documents, followed by "every opportunity to submit evidence and argument in support of her claims and to respond to VA notices," rendered harmless any timing error. Record (R.) at 5. Because the appellant did not challenge the disability rating assigned, the effective date element is the only unresolved matter as to which VCAA notice pertained after the grant of service connection. *See Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1345-46 (Fed. Cir. 2003) (section 5103(a) "applies only when a claim cannot be granted in the absence of additional information described in the notice").

"[T]he Court reviews the Board's determination that a notification communication satisfies VA's section 5103(a) duty-to-notify requirements under the 'clearly erroneous' standard of review." *Prickett v. Nicholson*, 20 Vet.App. 370, 378 (2006). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Board found that "VA has satisfied its obligations to notify and assist the claimant in this case." R. at 5. The Board stated that the July 2003 SOC and the September 2003 VCAA letter "notified the veteran of the evidence needed to substantiate her claims and offered to assist her in obtaining any relevant evidence." R. at 4. While conceding that the notice did not satisfy the requirements of *Pelegrini*, *supra,* the Board took the position that the appellant had been given every opportunity to submit evidence, including testimony at a hearing, and that, therefore, "all due process concerns have been satisfied." *Id.* The Board found that "any defect with respect to the timing of the VCAA notice requirement was harmless error." R. at 5.

In any view of the matter, however, VA's attempts at notification were inadequate to satisfy the requirements of the VCAA with respect to the effective date, or any other element of the PTSD

8

claim. The July 2003 notification of decision was not a document intended to address any notice requirements of the VCAA, and did not address any evidentiary requirements to establish an earlier effective date. *See Vazquez-Flores, supra*. The September 2003 letter was in no way directed to the PTSD claim, but instead was directed to the claims for a permanent and total disability rating and dependents' educational assistance. Contrary to the Board's conclusion, the September 2003 letter concerning these claims cannot provide VCAA-compliant notice with respect to the effective date of the PTSD claim. This letter neither considered nor discussed evidentiary requirements about the disputed effective date.

The text of 38 U.S.C. § 5103(a) discusses notice for claims contained within a particular application. Notice that may be adequate as to one set of claims may not be extrapolated to satisfy VCAA notice requirements for claims contained in another application or not addressed in the notice documents under review. We hold that the evidentiary requirements for each claim under VA consideration must be addressed in a notice document directed, at least in part, to that claim. We therefore conclude that the Board erred in its conclusion that there was VCAA-compliant notice concerning the effective date of the substantiated PTSD claim.

## B. Analysis of Prejudice

Consequently, we must consider the treatment of the VCAA notice error in view of the fact that the PTSD claim has been substantiated. Under *Sanders, supra*, any VCAA notice error is presumptively prejudicial, and VA has the burden of rebutting that presumption. Under *Dunlap, supra*, however, once a claim has been substantiated, the appellant must demonstrate how the notification error affected the essential fairness of the adjudication. Only then would the Secretary have the burden of demonstrating that no prejudice resulted.

The issue of first impression, which we now consider, is whether the standard set forth in *Dunlap, supra*, survives the Federal Circuit's decision in *Sanders, supra*. In other words, when the appellant's claim has been substantiated, must the appellant demonstrate how a VCAA notice error has adversely affected the essential fairness of the adjudication?

### 1. Assignment of Burden

The Secretary argues that it is appropriate to require the appellant to show prejudice from a VCAA notice error after service connection has been granted. He asserts that the notice provisions

of 38 U.S.C. § 5103(a) do not apply in cases where an appellant challenges an effective date determination in an NOD after a grant of service connection. Distinguishing *Sanders* and *Simmons,* both *supra*, the Secretary asserts that both of those cases involved denials of reopened claims and consequently neither case addressed prejudice from a VCAA notice error pertaining to a "downstream" issue after a claim had been substantiated. *See Evans v. West*, 12 Vet.App. 396, 399 (1999) (effective date is a "downstream matter" to be addressed after the benefit has been awarded).

The Court agrees with the Secretary that the factual scenario presented in the instant case and in our *Dunlap* decision are distinguishable from *Sanders* and *Simmons,* both *supra*, and do not involve the same concerns voiced by the Federal Circuit in either of those decisions. In *Sanders*, the Federal Circuit noted that this Court erred "by not giving sufficient weight to the importance of claimant participation to the VA's uniquely pro-claimant benefits system." *Sanders*, 487 F.3d at 889 (citing *Mayfield I*, 19 Vet.App. at 120-21). The Federal Circuit focused on Congress's intent that the VA adjudication system provide a claimant "a meaningful opportunity to participate effectively in the processing of his or her claim." *Id.* In *Dunlap*, we engaged in a thorough analysis regarding the importance of claimant participation in the adjudication process. *See* 21 Vet.App. at 119-20. Nonetheless, we concluded that "once a claim has been proven–triggering VA to award service connection, and assign a disability rating and an effective date–the claim has been substantiated and the claimant has been provided a meaningful opportunity to participate effectively in the processing of his or her claim." *Id.* at 120. This conclusion is consistent with this Court's holding in *Dingess*. *See Dingess*, 19 Vet.App. at 484, *aff'd sub nom. Hartman v. Nicholson*, 483 F.3d 1311 (Fed. Cir. 2007).

In *Sanders*, the Federal Circuit also found that this Court was erroneously "parsing the various elements of the notice required by [section] 5103(a) and finding certain elements of the required notice more substantial than others." 487 F.3d at 889. In *Dunlap*, however, we did not treat the various notice elements differently with regard to assigning the burden of proving prejudice. Rather, we addressed the question of whether, in the context of a first-element notice error, in a case in which the claim for benefits had been granted, an appellant bore the burden of demonstrating prejudice by VA's failure to give general notice as to disability rating and effective date. We concluded that "if a claimant disagrees as to the initial VA determination, other statutory and

regulatory provisions, particularly 38 U.S.C. §§ 5104(a), 7105(d)(1), and 5103A, are in place requiring VA to assist and advise a claimant throughout the remainder of the adjudication process." *Dunlap*, 21 Vet.App. at 119. This conclusion is consistent with recent Federal Circuit caselaw. *See Wilson*, 506 F.3d at 1061 (acknowledging that there are "many statutory and regulatory provisions that do apply to VA's actions after an initial RO decision, and that provide the claimant with notice as to why his claim was rejected and an opportunity to submit additional relevant evidence").

Based on the foregoing, the Court is satisfied that *Dunlap* was neither explicitly nor implicitly overruled by *Sanders* or *Simmons*. The holding in *Dunlap* is consistent with Federal Circuit precedent and remains undisturbed. There is no indication that the Federal Circuit intended that either the presumption of prejudice or the Secretary's burden of rebutting it survives the grant of service connection. Rather, filing an NOD begins the appellate process, and any remaining concerns regarding evidence necessary to establish a more favorable decision with respect to downstream elements are appropriately addressed under the notice provisions of 38 U.S.C. §§ 5104 and 7105. *See Hartman v. Nicholson*, 483 F.3d 1311 (Fed. Cir. 2007). We therefore continue to hold that where a claim has been substantiated after the enactment of the VCAA, the appellant bears the burden of demonstrating any prejudice from defective VCAA notice with respect to the downstream elements. *See Dunlap*, 21 Vet.App. at 119.

The Court additionally notes the logic of placing the burden of demonstrating prejudice with the claimant when the issue involves the downstream element of effective date. Generally, the assignment of an effective date is controlled by 38 U.S.C. § 5110(a), which provides: "[T]he effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). In the absence of an argument that an exception applies, the effective date will be no earlier than the date of the claim. *But see* 38 U.S.C. § 5110(b)(2). In this case, for example, appellant Goodwin makes no argument that there is any evidence that could have been submitted to VA that had not already been considered by the RO and the Board. Instead, her argument that § 3.156(c) applies in the instant case is premised on evidence *already before VA*. She does not assert that she would have submitted additional evidence had she been properly

11

notified. Rather, she merely asserts that the absence of VCAA notice of the possible effect §
3.156(c) might have on her effective date is prejudicial. Contrary to the appellant's assertions,
however, the Court is not persuaded that the presumption of prejudice should be applied in this or
in other cases where a claim has been substantiated and the asserted VCAA notice error pertains to
a downstream element.

We note that this is not a case in which the claimant's initial application raised an effective-
date issue requiring more specific discussion of evidentiary requirements pertaining to that element
in the VCAA notice. When the appellant submitted the medical information that eventuated in the
RO reopening her claim for PTSD, she described her symptoms and experiences at length, but
advanced no particular issue with respect to an effective date. Therefore, had VA issued a VCAA-
compliant notice, it would have addressed only the minimal information concerning effective date.
*See Dingess*, 19 Vet.App. at 486, 488. Consequently, the only prejudice the appellant can show
would have had to result from the lack of this minimal notice. We continue to reserve for another
day "the question of what would result if a claimant reasonably raised an issue regarding disability
rating and effective date in [the] initial application for benefits rather than for the first time as part
of a notice of disagreement with a decision." *Id.* at 489.

### 2. Appellant's Allegations of Prejudice

In an NOD dated July 7, 2003, the appellant's counsel during administrative proceedings
argued that the effective date should be 1991. Essentially, counsel attacked the evaluation of
evidence during the 1992 and 1999 rating decisions, which had become final. She argued that the
record contained evidence of possible PTSD that VA should have developed in those cases. The
appellant's counsel reiterated this line of argument at length in a letter dated December 15, 2004.
This was the sole argument raised to the Board as to an earlier effective date.

Before this Court, the appellant's present counsel argues that there is an unadjudicated claim
pending from 1991. Citing *Myers v. Principi*, 16 Vet.App. 228 (2002), and *McGrath v. Gober,*
14 Vet.App. 28 (2000), he contends that this pending claim could be developed with a "retrospective
medical opinion." Appellant's Brief (App. Br.) at 14. The appellant should have been notified that
such evidence would be required to substantiate her claim, he reasons, and this omission constitutes
prejudice arising from the inadequate VCAA notice.

12

This reasoning fails for at least two reasons. First, there is no pending unadjudicated claim. Unlike *Myers* and *McGrath*, the record in this case contains neither an undeveloped claim nor an NOD to which VA never responded. Assuming arguendo that there was evidence suggesting a claim for PTSD, this evidence might have raised a valid issue on appeal of the 1992 or 1999 rating decisions if there had been an appeal. Instead, the appellant allowed these decisions to become final. *See Deshotel v. Nicholson*, 457 F.3d 1258, 1262 (2006) (argument that RO failed to address all claims presented in previous rating decision is properly brought as request for revision on the basis of CUE); *Ingram v. Nicholson*, 21 Vet.App. 232, 243 (2007) (holding that "a reasonably raised claim remains pending until there is either a recognition of the substance of the claim in an RO decision from which a claimant could deduce that the claim was adjudicated or an explicit adjudication of a subsequent 'claim' for the same disability"). Second, it is clear that VA has no obligation under the VCAA to discuss every legal theory that might support an earlier effective date. While VCAA-compliant notice must address the downstream elements of disability ratings and effective dates, as noted, "[r]equiring VA to provide notice on all potential disability ratings that can be awarded, effective dates that may be assigned, or other claims that may be filed, *where dispute on those issues is not reasonably raised in the veteran's application*, is inconsistent with the plain language and history of the [VCAA] statute." *Dingess*, 19 Vet.App. at 487 (emphasis added).

Appellate counsel further argues, both in the original brief and in the brief accompanying the reconsideration motion, that VA reopened the appellant's case on the basis of previously missing service records. Counsel reasons that VA erred in not advising her that she might obtain an earlier effective date by operation of 38 C.F.R. §§ 3.156(c) and 3.400(q)(2).

This argument misperceives both the purpose of the VCAA notice procedures and the type of prejudice contemplated by the case law thereunder. The VCAA notice procedures are primarily intended to notify a claimant of the type of evidence needed to substantiate the claim, and not of every regulatory and statutory provision that might bear on the adjudication of that claim. *See Sanders*, 487 F.3d at 886 ("The purpose of § 5103(a) notification 'is to ensure that the claimant's case is presented to the initial decisionmaker with whatever support is available, and to ensure that the claimant understands what evidence will be obtained by the VA and what evidence must be provided by the claimant' prior to the initial adjudication of [the] claim."). Whatever merit there might be in

13

her "missing service records" argument, it has nothing to do with obtaining further evidence through the VCAA notification process. We conclude that the appellant has demonstrated no prejudice from the VCAA notice error, particularly no prejudice from any notice to which she would have been entitled on the basis of her application to reopen.

As a logical extension of *Wilson, Dingess*, and *Locklear*, all *supra*, we hold that VA has no obligation under the VCAA notification procedures to discuss regulations or legal theories not implicated by a liberal and reasonable reading of a claimant's application. Here, 38 C.F.R. § 3.156(c) is not implicated by a liberal and reasonable reading of the appellant's application.

## C. Missing Service Records

As discussed above, appellant's argument that she is entitled to an earlier effective date on the basis of missing service records does not establish prejudice from lack of VCAA notice. That holding, however, does not necessarily end the analysis. *See Robinson v. Mansfield*, 21 Vet.App. 545, 552 (2008) (Board is required to consider all issues raised either by the claimant or by the evidence of record). What remains is whether, apart from VCAA issues, this case is affected by 38 C.F.R. § 3.156(c). Pursuant to that provision, if, after it has issued a decision on a claim for benefits, VA receives additional service department records that "existed and had not been associated with the claims file when VA first decided the claim," VA will reconsider the claim. 38 C.F.R. § 3.156(c)(3).

The appellant argues that "the original grant of service connection for PTSD was based upon newly considered service records," and that she is therefore entitled to an earlier effective date pursuant to § 3.156(c). App. Br. at 14. The appellant never raised this issue to the Board. Instead, her arguments below centered on VA's alleged failure to provide a PTSD examination during her original 1991 claim. *See* R. at 416, 440-42. Moreover, this issue was not "reasonably raised" by the evidence of record. *See Floyd v. Brown*, 9 Vet.App. 88, 96 (1996) (Board is required to address all issues "reasonably raised from a liberal reading of the documents or oral testimony submitted prior to the [Board] decision"). There is no indication that VA's decision to grant service connection was based, in whole or in part, on previously unobtained service personnel or medical records.

The Court has discretion to evaluate an argument first raised on appeal or to remand an issue to the Board for further consideration. *See Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000).

The mere assertion of a new theory on appeal, however, does not automatically warrant either this Court's consideration or a remand in the absence of error. *See Robinson*, 21 Vet.App. at 558 (holding that "[i]n the absence of error or a justification for not raising the issue earlier," it would be unfair to afford the appellant "special treatment," and the Court will not remand his claim). In this instance, the record contains no support for the appellant's current contention that the decision below was based on newly discovered service records. This argument, offered under the guise of the appellant's allegations of prejudice, does not warrant remand.

## IV. CONCLUSION

Upon consideration of the foregoing, the February 18, 2005, Board decision is AFFIRMED.

15