Citation Nr: 1331592 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 10-11 732 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to a compensable rating for scars of the left knee.


REPRESENTATION

Appellant represented by: Nebraska Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

E. I. Velez, Counsel


INTRODUCTION

The Veteran served on active duty from August 1956 to August 1958.

These matters come before the Board of Veterans' Appeals (Board) on appeal from July 2009 and August 2009 rating decisions of the Department of Veterans Affairs (VA) regional office (RO) located in Lincoln, Nebraska.

In August 2011, the Veteran testified before the undersigned Veterans Law Judge at a Travel Board hearing in Lincoln, Nebraska. A transcript of the proceeding has been associated with the claims file.

In September 2012 and June 2013, the Board remanded the claim for further development. The requested development has been substantially complied with and the claim is ready for appellate review.

The Board has reviewed the Veteran's Virtual VA file and finds that there are no additional records contained therein not already in the paper claim file that are relevant to the present claim. 


FINDING OF FACT

Throughout the course of the rating period on appeal, the left knee scar has not been deep, painful or unstable; and has measured less than 929 square centimeters.


CONCLUSION OF LAW

The criteria for a compensable disability evaluation for scars of the left knee are not met. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.7, 4.20, 4.118, Diagnostic Code 7801-7805 (2012).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the Veteran's claim, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2012).

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2012); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 

The Board notes that the issue of entitlement to a compensable evaluation for scars on the left knee is a downstream issue of the initial claim for a higher disability rating for the left knee. A February 2009 VCAA letter fully satisfied the duty to notify provisions with respect to the increased rating claim for the left knee. See 38 U.S.C.A. § 5103(a) (West 2002 & Supp. 2012); 38 C.F.R. § 3.159(b)(1) (2012); Quartuccio, at 187. The Veteran was aware that it was ultimately his responsibility to give VA any evidence pertaining to the claim. This letter informed him that additional information or evidence was needed to support his claim, and asked him to send the information or evidence to VA. See Pelegrini II, at 120-121. Furthermore, this letter described how appropriate disability ratings and effective dates were assigned. The Court has held that, once a notice of disagreement from a decision establishing service connection and assigning the rating and effective date has been filed the notice requirements of 38 U.S.C.A. §§ 5104 and 7105 control as to the further communications with the appellant, including as to what "evidence [is] necessary to establish a more favorable decision with respect to downstream elements...." Goodwin v. Peake, 22 Vet. App. 128, 137 (2008). The same reasoning is applied in the present case, and hence, there is no duty to provide additional notice in regard to this claim.

All identified VA outpatient treatment records relevant to the claim have been obtained and associated with the claim file. The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4)(i) (2012). The Veteran was provided VA examinations for this claim in January 2010 and July 2013. After reviewing the record, examining the Veteran, and noting his history, the examiners provided factual findings to properly assess the current level of severity of the claimed disability. The Board finds that the VA examination is adequate and sufficient upon which to base a decision with regard to this claim. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate).

As noted above, the Veteran was afforded hearings before a RO hearing officer and the undersigned Veterans Law Judge. At these hearings, the Veteran and his representative related in great detail why they believed he was entitled to a compensable rating for scars on the left knee. Given the above, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

II. Legal Criteria and Analysis

The Veteran seeks entitlement to a separate compensable evaluation for scars on the left knee. 

Disabling effects of scar residuals are to be rated either as scars or as impairment of function, whichever results in the higher rating. 38 C.F.R. § 4.118, Diagnostic Code 7805.

Recent changes to the rating criteria for evaluation of scars are applicable only to claims received by VA on or after October 23, 2008 (see 73 Fed. Reg. 54708 (September 23, 2008)). Here, VA received the Veteran's claim for increase in December 2008. Therefore, the Board will consider the revised regulations.

Under revised Diagnostic Code 7801, burn scars or scars due to other causes, not of the head, face, or neck, that are deep and nonlinear in an area or areas of at least 6 square inches (39 sq. cm.) but less than 12 square inches (77 sq. cm.) warrant a 10 percent rating. 38 C.F.R. § 4.118, Diagnostic Code 7801 (2012).

Under revised Diagnostic Code 7802, burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are superficial and nonlinear in an area or areas of 144 square inches (929 sq. cm.) or greater warrant a 10 percent evaluation. Note (1) indicates that a superficial scar is one not associated with underlying soft tissue damage. Note (2) indicates that if multiple qualifying scars are present, a separate evaluation should be assigned for each affected extremity based on the total area of the qualifying scars that affect that extremity. 38 C.F.R. § 4.118, Diagnostic Code 7802 (2012).

Under revised Diagnostic Code 7804, unstable or painful scar(s) warrant a 10 percent evaluation. Note (1), indicates that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. Note (2) indicates that, if one or more scars are both unstable and painful, add 10 percent to the evaluation that is based on the total number of unstable or painful scars. Note (3) indicates that scars evaluated under Diagnostic Codes 7800, 7801, 7802, or 7805 may also receive an evaluation under diagnostic code 7805, when applicable. 38 C.F.R. § 4.118, Diagnostic Code 7804 (2012).

The revised Diagnostic Code 7805 provides that other scars (including linear scars) and other effects of scars evaluated under diagnostic codes 7800, 7801, 7802, and 7804 require the evaluation of any disabling effects not considered in a rating provided under diagnostic codes 7800-04 under an appropriate diagnostic code. 38 C.F.R. § 4.118, Diagnostic Code 7805 (2012).

A January 2009 VA examination notes three post surgical scars on the left knee which measuring each .5 centimeters (cm) by .5 cm. There was no tenderness; the scars were normal in color and texture, and were superficial. 

A February 2010 VA examination addendum notes one scar in the later aspect of the left knee which is crescent shaped. The scar is well healed with no keloid formation and is nontender. There is no skin breakdown and the Veteran denied any pain. Physical examination revealed the scar measured 0.25 cm by 9 cm. The area is less than 6 square inches (39 square cm). The scar is not painful; there are no signs of skin breakdown; the scar is deep; there is no inflammation, no edema and no keloid formation; and, there are no additional disabling effects.

At the August 2011 Board hearing the Veteran testified he had three scars on his left knee. He testified one is almost three inches long; another is about two inches long and a third is about an inch and a half. He testified they are sensitive but not painful. 

A July 2013 VA examination notes the Veteran has a well healed and non-tender 8 cm by 4 mm curvilinear scar on the lateral left knee, and well healed arthroscopy scars on the left knee that are too well healed to measure. The Veteran reported no treatment for the scars and denied any problems related to the scars. The scars are not painful or unstable. It was noted the scars do not affect his ability to work. 

In light of the foregoing, a separate compensable disability evaluation is not warranted for the scars on the left knee. In the instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. 38 C.F.R. § 4.31.

As the evidence shows that the scars on the left knee are not painful, Diagnostic Code 7804 is not for application. Indeed, while the Veteran testified at the hearing that the scars were sensitive, he specifically stated they were not painful. Moreover, he denied any pain at the January 2009 and July 2013 examinations. 

The Board notes that the February 2010 VA examination addendum noted the Veteran's scar to be deep. Under Diagnostic Code 7801, a10 percent disability rating is warranted for scars that are deep and nonlinear in an area or areas of at least 6 square inches (39 sq. cm.) but less than 12 square inches (77 sq. cm.). At other VA examinations, the scars were not noted to be deep. Therefore, Diagnostic Code 7802 is potentially applicable also. Under Diagnostic Code 7802, a 10 percent evaluation is only warranted when the scars measure 144 square inches (929 sq. cm.) or greater. In the instant case, the Veteran's scars, do not warrant a compensable rating under either Diagnostic Code 7801 or 7802 even when considering its biggest measurement during the appeal period. Indeed, at most, the scar has been measured at 4.5 square cm. Accordingly, a compensable evaluation under Diagnostic Codes 7801 or 7802 is not warranted. 

While the Veteran is competent to report that his disability is worse than presently evaluated, whether a disability has worsened sufficiently to meet the schedular criteria for the assignment of a higher evaluation is a factual determination by the Board based on the Veteran's complaints coupled with the medical evidence. Although the Veteran believes he meets the criteria for a compensable/higher disability rating, his complaints and the medical findings do not meet the schedular requirements for a compensable evaluation, as explained and discussed above. The Board has concluded that the medical evidence, prepared by skilled, neutral professionals, is more probative of the degree of disability. Accordingly, the claim is denied. 

Based upon the guidance of the Court in Hart v. Mansfield, 21 Vet. App. 505 (2007), the Board has considered whether a staged rating is appropriate. However, in the present case, the Veteran's symptoms remained constant throughout the course of the period on appeal and as such staged ratings are not warranted 

The Board has also considered whether this case should be referred to the Director of the VA Compensation and Pension Service for extra-schedular consideration under 38 C.F.R. § 3.321(b) (1). The Court has held that the threshold factor for extra-schedular consideration is a finding on part of the RO or the Board that the evidence presents such an exceptional disability picture that the available schedular evaluations for the service-connected disability at issue are inadequate. Therefore, initially, there must be a comparison between the level of severity and the symptomatology of the claimant's disability with the established criteria provided in the rating schedule for the disability. If the criteria reasonably describe the claimant's disability level and symptomatology, then the disability picture is contemplated by the rating schedule, the assigned evaluation is therefore adequate, and no referral for extra-schedular consideration is required. Thun v. Peake, 22 Vet. App. 111 (2008). 

In the case at hand, the record reflects that the Veteran has not required frequent hospitalizations for his left knee scars and that the manifestations of his left knee scars are not in excess of those contemplated by the schedular criteria. In sum, there is no indication that the average industrial impairment from the disabilities would be in excess of that contemplated by the assigned ratings. Accordingly, the Board has determined that referral of the issue of entitlement to a higher rating for extra-schedular consideration is not in order. 

As the preponderance of the evidence is against the claim for a compensable rating, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. § 5107(b)(2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to a compensable evaluation for scars on the left knee is denied.



____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs