Citation Nr: 1749174 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 09-46 322 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to an initial compensable rating for bilateral hearing loss prior to January 16, 2015.

2. Entitlement to a rating in excess of 30 percent for bilateral hearing loss from January 16, 2015.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

M. Young, Counsel


INTRODUCTION

The Veteran served on active duty from September 1974 to June 1983.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office in Seattle Washington (RO). In April 2013, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge; a transcript of the proceeding has been associated with the record.

In July 2014 and March 2016, the Board remanded the Veteran's hearing loss claim for further development. In an interim, March 2015 rating decision, the RO awarded a 30 percent rating for the Veteran's bilateral hearing loss, effective January 16, 2015. As this did not constitute a grant of the full benefit sought on appeal (e.g., 100 percent), the matter remains on appeal before the Board.

In March 2015 the Veteran submitted a waiver of RO consideration, of any additional evidence submitted, and to have this case remanded to the RO. He also requested that the Board consider any new evidence during the adjudication of his appeal. 

The March 2015 rating decision also awarded service connection for sinusitis, allergic rhinitis, and sleep apnea with asthma, which claims had also been remanded by the Board in July 2014. As these claims were granted in full by the RO, they are no longer on appeal before the Board.

The December 2016 supplemental statement of the case (SSOC) addressed the issues of entitlement to service connection for neck arthritis, low back arthritis and head trauma, increased rating for hearing loss and a total disability rating based on individual unemployability (TDIU). The Board notes that because those issues were presented at two different hearings before two different Veterans Law Judges (VLJ) there must be two separate decisions. The law requires that the VLJ who conducts a hearing on an issue on appeal must participate in any decision made on that appeal. 38 U.S.C.A. § 7107(c); 38 C.F.R. § 20.707. The bilateral hearing loss issue was presented at an April 2013 videoconference hearing before the undersigned. The other issues (service connection for neck arthritis, low back arthritis and head trauma and TDIU) were presented at a September 2016 Travel Board hearing by a different VLJ. Those four issues will be addressed in a separate and forthcoming decision by that same VLJ.


FINDINGS OF FACT

1. For the period prior to January 16, 2015, the Veteran's bilateral hearing loss disability was manifested by no worse than Level II hearing impairment in both ears.

2. For the period from January 16, 2015 to June 14, 2015, the Veteran's bilateral hearing loss disability was manifested by exceptional patterns of hearing impairment resulting in Level VII in the right ear and Level VI in the left ear.

3. For the period from June 15, 2015, the Veteran's bilateral hearing loss disability was manifested by exceptional patterns of hearing impairment resulting in Level VIII for both ears.


CONCLUSIONS OF LAW

1. The criteria for an initial compensable rating for bilateral hearing loss prior January 16, 2015 and in excess of 30 percent from January 16, 2015 to June 14, 2015 are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2015); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.85, Tables VI, VIA and VII, Diagnostic Code (Code) 6100, 4.86(a) (2016).

2. The criteria for a 50 percent rating for bilateral hearing loss from June 15, 2015 are met. 38 U.S.C.A. §§ 1155, 5107 (West 2015); 38 C.F.R. §§ 4.1, 4.7, 4.85, Tables VI, VIA and VII, Code 6100, 4.86(a) (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

As a preliminary matter, the Board has reviewed the Veteran's record and finds that there exist no deficiencies in VA's duties to notify and assist that would be prejudicial and require corrective action prior to a final Board determination. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159; see also Bryant v. Shinseki, 23 Vet. App. 488 (2010) (regarding the duties of a hearing officer); Mayfield v. Nicholson, 20 Vet. App. 537 (2006) (corrective action to cure a 38 C.F.R. § 3.159(b) notice deficiency); Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004) (timing of notification).

Here, notwithstanding the above, the Veteran appealed a "downstream" issue (the initial rating assigned for the disability). Therefore, the underlying claim has been substantiated, so proven, thereby rendering § 5103(a) notice no longer required because the initial intended purpose of the notice has been served. See Goodwin v. Peake, 22 Vet. App. 128 (2008). Consequently, in this situation, VA is not required to provide the Veteran additional VCAA notice concerning the downstream disability rating and effective date elements of his claim. See also Dunlap v. Nicholson, 21 Vet. App. 112 (2007) and VAOPGCPREC 8-2003, 69 Fed. Reg. 25180 (May 5, 2004). Rather, according to the holding in Goodwin and its progeny, instead of issuing an additional VCAA notice letter in this situation concerning the downstream disability rating elements of the claim, the provisions of 38 U.S.C.A. § 7105(d) require VA to issue a statement of the case (SOC) if the disagreement is not resolved. Moreover, the Veteran was provided this required SOC in September 2009 after appealing the initial rating assigned for his service-connected disability. He also since has been provided supplemental SOCs (SSOC) in September 2012 and March 2015. Together, the SOC and SSOCs cite the applicable laws, including the criteria for establishing his entitlement to a higher rating for the service-connected hearing loss disability, and provide discussion of the reasons or bases for not assigning a higher initial rating. He therefore has received all required notice concerning such claim.

Legal Criteria, Factual Background and Analysis

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the Schedule for Rating Disabilities. The percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and the residual conditions in civilian occupations. Generally, the degree of disabilities specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities and the criteria for specific ratings. If two disability evaluations are potentially applicable, the higher evaluation will be assigned to the disability picture that more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

In every instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. 38 C.F.R. § 4.31.

The Veteran's entire history is reviewed when making a disability determination. See 38 C.F.R. § 4.1. Where the Veteran timely appealed the rating initially assigned for the service-connected disability within one year of the notice of the establishment of service connection for it, VA must consider whether the Veteran is entitled to "staged" ratings to compensate him for times since filing his claim when his disability may have been more severe than at other times during the course of his appeal. See Fenderson v. West, 12 Vet. App. 119 (1999).

Under the applicable criteria, ratings for hearing loss are determined in accordance with the findings obtained on audiometric evaluation. Ratings for hearing impairment range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests, together with the average hearing threshold level as measured by pure tone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 cycles per second. To evaluate the degree of disability from hearing impairment, the rating schedule establishes eleven auditory acuity levels designated from Level I for essentially normal acuity through Level XI for profound deafness. 38 C.F.R. § 4.85, Code 6100.

Hearing tests are to be conducted without hearing aids, and the results of above-described testing are charted on Table VI and Table VII. See 38 C.F.R. § 4.85. 

For the exceptional pattern occurring when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000 and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(a). 

For another exceptional pattern when the puretone threshold is 30 decibels or less at 1000 Hertz and simultaneously 70 decibels or more at 2000 Hertz, VA must determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. That numeral will then be elevated to the next highest numeral for consideration. Each ear is evaluated separately. 38 C.F.R. § 4.86(b). 

Service connection for bilateral hearing loss was granted in a September 2008 rating decision with a 0 percent rating effective December 5, 2007. In March 2015 a rating of 30 percent was awarded for bilateral hearing loss effective January 16, 2015.

During a May 2008 VA [fee basis] audiology examination, the Veteran reported hearing loss since 1976, which had occurred gradually. He reported symptoms of having difficulty in some listening environments. On the authorized audiological evaluation, pure tone thresholds, in decibels, were:




HERTZ



1000
2000
3000
4000
AVG.
RIGHT
50
60
75
80
66
LEFT
50
50
75
75
63

Speech audiometry revealed speech recognition ability of 96 percent in the right ear and of 100 percent in the left ear. The diagnosis was bilateral sensorineural hearing loss. The subjective factors were having difficulty in some listening environments. The objective factors were a decrease in hearing acuity in both ears. 

Applying 38 C.F.R. § 4.85, Table VI to the findings on May 2008 VA audiometry establishes that the Veteran had Level II hearing acuity in each ear. Such findings warrant a 0 percent rating under Table VII, Code 6100. An exceptional pattern of hearing loss (so as to warrant rating under the alternate criteria in Table VIA) was not found on the May 2008 examination. The Board finds the examination to have been adequate for rating purposes; it was conducted in accordance with regulatory criteria. The examiner noted the effect of the Veteran's decrease in hearing acuity in both ears was that he had difficulty in some listening environments. See Martinak v. Nicholson, 21 Vet. App. 447, 455-56 (2007). Accordingly, there is no basis for a higher (compensable) rating based on the above test results for the period prior to January 16, 2015.

On a December 2011 VA audiology examination, the authorized audiological evaluation, pure tone thresholds, in decibels, were:




HERTZ



1000
2000
3000
4000
AVG.
RIGHT
20
60
80
75
59
LEFT
25
60
80
70
59

Speech audiometry revealed speech recognition ability of 100 percent in the right ear and of 100 percent in the left ear. The diagnosis was bilateral sensorineural hearing loss. The examiner noted that the Veteran's overall functional impairment from his hearing loss was that he has difficulty with communicating.

Applying 38 C.F.R. § 4.85, Table VI to the findings on December 2011 VA audiometry establishes that the Veteran had Level II hearing acuity in each ear. Such findings warrant a 0 percent rating under Table VII, Code 6100. An exceptional pattern of hearing loss (so as to warrant rating under the alternate criteria in Table VIA) was not found on the December 2011 examination. The Board finds the examination to have been adequate for rating purposes; it was conducted in accordance with regulatory criteria; and the examiner noted the functional impact of the Veteran's decrease in hearing acuity in both ears was that he had difficulty with communicating. See Martinak, 21 Vet. App. at 455-56. Accordingly, there is no basis for a higher (compensable) rating based on the above test results for the period prior to January 16, 2015.

On a January 2015 VA audiology examination, the authorized audiological evaluation, pure tone thresholds, in decibels, were:




HERTZ



1000
2000
3000
4000
AVG.
RIGHT
30
80
85
85
70
LEFT
25
70
85
80
65

Speech audiometry revealed speech recognition ability of 88 percent in the right ear and of 100 percent in the left ear. The diagnosis was bilateral sensorineural hearing loss. The examiner noted that the impact of the Veteran's hearing loss on ordinary conditions of daily life was as he stated "[he] had to watch people's faces and make stupid guesses about what they had." The examiner further noted that the Veteran struggled in situations where there was background noise, multiple speakers, poor line of vision, speakers at a distance and when the directions or information were unfamiliar or complex.

Here, both ears demonstrated an exceptional patterns of hearing loss. 38 C.F.R. § 4.86(b). Applying 38 C.F.R. § 4.85, Table VI to the findings on January 2015 VA audiometry establishes that the Veteran had Level III hearing acuity in the right ear and Level II hearing acuity in the left ear. Such findings warrant a 0 percent rating under Table VII, Code 6100. Applying 38 C.F.R. § 4.85, Table VIA to the findings on January 2015 VA audiometry establishes that the Veteran had Level VI hearing acuity in the right ear, which per 38 C.F.R. § 4.86 is elevated to the next higher Roman numeral, VII; and Level V hearing acuity in the left ear, elevated to the next higher Roman numeral, VI. Such findings warrant a 30 percent rating under Table VII, Code 6100. The Board finds the examination to have been adequate for rating purposes; it was conducted in accordance with regulatory criteria, and the examiner commented on the effect the Veteran's hearing loss disability had on his daily activities. See Martinak, 21 Vet. App. at 455-56. Accordingly, there is no basis for a rating higher than 30 percent based on the above test results for the period on and before January 16, 2015 to June 14, 2015. 

On a June 2015 hearing loss Disability Benefits Questionnaire (DBQ examination), the authorized audiological evaluation, pure tone thresholds, in decibels, were:




HERTZ



1000
2000
3000
4000
AVG.
RIGHT
75
90
95
100
90
LEFT
70
85
90
90
84

Speech audiometry revealed speech recognition ability of 72 percent in the right ear and of 84 percent in the left ear. The diagnosis was bilateral sensorineural hearing loss. The examiner noted that the Veteran's overall functional impairment from his hearing loss is that he has difficulty with communicating. The examiner noted there was no functional impact of physical employment. Functional impact of sedentary employment includes difficulty with communication to include, but not limited to face to face and telephone communication.

Here again, both ears demonstrated exceptional patterns of hearing loss. 38 C.F.R. § 4.86(a). Applying 38 C.F.R. § 4.85, Table VI to the findings on June 2015 VA audiometry establishes that the Veteran had Level VII hearing acuity in the right ear and Level IV hearing acuity in the left ear. Applying 38 C.F.R. § 4.85, Table VIA to the findings on June 2015 VA audiometry establishes that the Veteran had Level VIII for both ears (unlike with 38 C.F.R. § 4.86(b), no elevation to the next higher Roman numeral is sanctioned by 38 C.F.R. § 4.86(a)). Such findings warrant a 50 percent rating under Table VII, Code 6100. Thus, the Veteran's bilateral hearing loss warrants an increased rating to 50 percent effective from June 15, 2015, the date audiometric findings on examination showed a substantial decrease in hearing acuity to warrant the increased rating. The Board finds the examination to have been adequate for rating purposes; it was conducted in accordance with regulatory criteria, and the examiner commented on the effect the Veteran's hearing loss disability had on his daily activities. See Martinak, 21 Vet. App. at 455-56. Accordingly, based on the above test results there is no basis for a rating higher than 50 percent for the period on and after June 15, 2015. 

In light of the above, the Board finds that the criteria for an initial compensable rating for bilateral hearing loss prior to January 15, 2015 and in excess of 30 percent from January 16, 2015 to June 14, 2015 are not met based on the demonstrated levels of hearing impairment. The criteria for a 50 percent rating for bilateral hearing loss from June 15, 2015, however, have been met based on the demonstrated levels of hearing impairment. The Board has considered the functional impairment caused by the Veteran's hearing loss disability. In this regard, the Veteran has essentially reported that he has difficulty with communication to include, but not limited to face to face and telephone communication. The Board finds these functional impairments to be fully consistent with the assigned evaluations, which are meant to take into account the average impairment resulting from this service-connected disability. See 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. The determination of the Board represents a partial grant for the period beginning June 15, 2015. 38 C.F.R. § 4.7.

In Rice v. Shinseki, 22 Vet. App. 447 (2009), the U.S. Court of Appeals for Veterans Claims (Court) held, in essence, that when the matter of entitlement to a TDIU rating is raised by the record in a claim for increase, such matter becomes part of the increased rating claim. As noted above, the matter of TDIU will be addressed in a separate decision, and the Board will not further comment on the merits of this matter at this time. Aside from TDIU, neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).


ORDER

Entitlement to an initial compensable rating for bilateral hearing loss prior to January 16, 2015 is denied.

Entitlement to a rating in excess of 30 percent for bilateral hearing loss from January 16, 2015 to June 14, 2015 is denied.

A rating of 50 percent for bilateral hearing loss from June 15, 2015 is granted, subject to the law and regulations governing payment of monetary benefits.



____________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs