Citation Nr: 1505517 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 01-01 186 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for a disorder manifested by muscle and joint pains, to include as due to undiagnosed illness or due to osteoarthritis.

2. Entitlement to an initial compensable disability evaluation for the service-connected restless leg syndrome (RLS).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

M. Hannan, Counsel


INTRODUCTION

The Veteran appellant served on active duty in the United States Navy from July 1965 to June 1970. He subsequently joined the Army Reserve National Guard and served on active duty from November 1988 to June 1989, and from September 1990 to July 1991, including service in Southwest Asia. 

This case originally came before the Board of Veterans' Appeals (Board) on appeal from a December 2000 rating decision issued by the Regional Office (RO) of the Department of Veterans Affairs (VA) in Montgomery, Alabama that denied the reopening of the appellant's claim. The Veteran's initial claim for service connection for muscle and joint pain as due to an undiagnosed illness was denied in a January 1996 rating decision on the basis that the claimed disorder did not arise during service in the Persian Gulf theater and was not manifested to a compensable degree of 10 percent within two years after the last date of such service. The Veteran was notified of this decision in the same month but he did not respond within the following year. The claim for service connection for muscle and joint pain was again denied in a March 1997 rating decision, this time with citation to 38 C.F.R. § 3.317. The Veteran was notified of this denial in May 1997, but he did not respond within the following year. Both rating decisions are therefore final under 38 C.F.R. § 7105(c). After the case was remanded for additional development by the Board in December 2004, the Veteran's claim for service connection for joint pain, to include as due to an undiagnosed illness, was reopened based on the receipt of additional pertinent service records in a Board decision issued in September 2010.

The United States Court of Appeals for Veterans Claims (hereinafter Court) has held that the scope of a mental health disability claim includes any mental disability which may reasonably be encompassed by the claimant's description of the claim, the reported symptoms, and any other pertinent information of record. Clemons v. Shinseki, 23 Vet. App. 1 (2009) (per curiam). That holding was expanded to encompass other conditions in Brokowski v. Shinseki, 23 Vet. App. 79, 85 (2009) (claimant's identification of the benefit sought does not require technical precision). The medical evidence of record includes clinical findings of osteoarthritis (also known as degenerative joint disease (DJD)). The appellant originally pursued his claim on the basis of an undiagnosed illness, but more recently he has stated that his joint problems are due to osteoarthritis that should be service-connected. (See report of the VA medical examination conducted in October 2012.) The Board has therefore recharacterized the service-connection issue on appeal as listed on the first page, above.

In June 2012, a Board hearing was held at the RO before the undersigned who was designated by the Chairman to conduct that hearing, pursuant to 38 U.S.C.A. § 7107. A transcript of that hearing has been associated with the claims file. 

The Board most recently remanded the case for additional development in March 2014. The case has now been returned to the Board for appellate review.

The evidence of record in this case is contained in an electronic file. No paper claims files exist in conjunction with this case.

The issue of entitlement to an initial compensable rating for the service-connected restless leg syndrome (RLS) is addressed in the REMAND portion of the decision below and it is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Because the Veteran failed to report to a VA examination, there is insufficient competent and probative evidence to establish a relationship between his current osteoarthritis and/or muscle and joint pains and his military service or a service-connected disability, to include as due to undiagnosed illness. 


CONCLUSION OF LAW

The criteria for establishing service connection for a disorder manifested by muscle and joint pains, to include as due to undiagnosed illness or due to osteoarthritis, have not been met. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.309, 3.310, 3.317, 3.655 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duty to Notify and Assist

Upon receipt of a complete or substantially complete application for benefits and prior to an initial unfavorable decision on a claim by an agency of original jurisdiction, VA is required to notify the appellant of the information and evidence not of record that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159; Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002). The notice should also address the rating criteria or effective date provisions that are pertinent to the appellant's claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006). If complete notice is not provided until after the initial adjudication, such a timing error can be cured by subsequent legally adequate VA notice, followed by readjudication of the claim, as in a Statement of the Case (SOC) or Supplemental Statement of the Case (SSOC). Moreover, where there is an uncured timing defect in the notice, subsequent action by the RO which provides the claimant a meaningful opportunity to participate in the processing of the claim can prevent any such defect from being prejudicial. Mayfield v. Nicholson, 499 F.3d 1317, 1323-24 (Fed. Cir. 2007); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

The appellant submitted his service connection claim in December 1999. In letters sent to the appellant in November 2003, June 2004, and September 2011, the RO provided notice to him regarding what information and evidence is needed to substantiate a claim for service connection, and what information and evidence must be submitted by the claimant, and what evidence VA would obtain. The letters informed him that VA would assist him in obtaining evidence necessary to support his claim, such as medical records, records from other Federal agencies, etc. He was advised, under 38 C.F.R. § 3.159(b)(1), that it is his responsibility to provide or identify, and furnish authorization where necessary for the RO to obtain, any supportive evidence pertinent to his claim. Moreover, the appellant was afforded the opportunity to submit additional argument. The appellant was also afforded the opportunity to testify before the Board.

The appellant has had ample opportunity to respond/supplement the record and he has not alleged that notice in this case was less than adequate. See Goodwin v. Peake, 22 Vet. App. 128, 137 (2008) (holding that where a claim has been substantiated after the enactment of the Veterans Claims Assistance Act (VCAA), the appellant bears the burden of demonstrating any prejudice from defective VCAA notice with respect to the downstream issues). Neither the appellant nor his representative has alleged any prejudicial or harmful error in the notice, and the Board finds, based the factors discussed above, that no prejudicial or harmful error in VA notice has been demonstrated in this case. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). 

Notice addressing disability ratings and effective dates was also provided to the appellant in a March 2006 RO letter. Furthermore, the appellant's service connection claim has been readjudicated - most recently in SSOCs issued in May 2013, and August 2014. Mayfield, 444 F.3d at 1333.

The duty to assist was also met in this case. Here, the appellant was afforded the opportunity to provide testimony to the Board in June 2012. The appellant's Navy and Army Reserve medical treatment records are included in the evidence of record. The appellant's VA treatment records have also been obtained and associated with the file. In addition, private medical treatment records have been included in the evidence of record. The reports of VA medical examinations conducted in September 1994, in October 1994, and in October 2012, are also included in the evidence of record. 38 C.F.R. § 3.159.

VA endeavored to undertake development as instructed in the Board's October 2012 and March 2014 remands. The appellant was notified that he had been scheduled for a VA examination in May 2013, by means of a notice letter sent to his address of record in April 2013. But as discussed in the decision below, he did not report for that examination nor has he denied receiving adequate notice of the scheduled VA examination and he has not provided "good cause" for his failure to appear. See 38 C.F.R. § 3.655. Pursuant to remand directives, VA treatment records belonging to another person were removed from the evidence of record and the appellant's VA treatment records were reviewed. Accordingly, the Board finds that there has been substantial compliance with the prior remand instructions and that no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)); see also Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) ("The duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence."). 

In short, the appellant was notified and is aware of the evidence needed to substantiate the claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between the Veteran and VA in obtaining such evidence. The appellant was provided with a meaningful opportunity to participate in the claims process. Any error in the sequence of events or content of the notice is not shown to have affected the essential fairness of the adjudication or to cause injury to the appellant. Therefore, any such error is harmless and does not prohibit consideration of this matter on the merits. 

Therefore, there is no duty to assist that was unmet, and the Board finds no prejudice to the appellant in proceeding with the issuance of a final decision. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993) (where the Board addresses a question that has not been addressed by the agency of original jurisdiction, the Board must consider whether the veteran has been prejudiced thereby). Hence, no further notice or assistance to the appellant is required to fulfill VA's duty to assist the appellant in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002). Therefore, the Board turns to the merits of the claim.

II. Merits of the Claim

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C.A. § 5107(b). 

Reasonable doubt is doubt which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim. 38 C.F.R. § 3.102. The question is whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which event the claim must be denied. See Gilbert, 1 Vet. App. at 54.

In order to establish service connection for a claimed disability, the facts, as shown by evidence, must demonstrate that a particular disease or injury resulting in a current disability was incurred during active service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Furthermore, service connection may be granted for any disease diagnosed after service when all the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

To establish service connection for a disability resulting from a disease or injury incurred in service, there must be (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of incurrence or aggravation of a disease or injury in active service; and (3) competent evidence of a nexus or connection between the current disability and the disease or injury incurred or aggravated in service. Horn v. Shinseki, 25 Vet. App. 231, 236 (2010); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. Sept. 14, 2009); cf. Gutierrez v. Principi, 19 Vet. App. 1, 5 (2004) (citing Hickson v. West, 12 Vet. App. 247, 253 (1999)). In many cases, medical evidence is required to meet the requirement that the evidence be "competent". However, when a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303, 309 (2007).

Service connection for certain chronic diseases (including arthritis) may be established on a presumptive basis by showing that the disease manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). In such cases, the disease is presumed under the law to have had its onset in service even though there is no evidence of that disease during the period of service. 38 C.F.R. § 3.307(a). The term "chronic disease" refers to those diseases listed under section 1101(3) of the statute and section 3.309(a) of VA regulations. 38 U.S.C.A. § 1101(3); 38 C.F.R. § 3.309(a); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Where a chronic disease under 38 C.F.R. § 3.309(a) is "shown as such in service" ("meaning clearly diagnosed beyond legitimate question" Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013)), or in the presumptive period so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b). In cases where a chronic disease is "shown as such in service", the Veteran is "relieved of the requirement to show a causal relationship between the condition in service and the condition for which service connected disability compensation is sought." Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Instead, service connection may be granted for subsequent manifestations of the same chronic disease without any evidence of link or connection between the chronic disease shown in service and manifestations of the same disease at a later time. In other words, "there is no 'nexus' requirement for compensation for a chronic disease which was shown in service, so long as there is an absence of intercurrent causes to explain post-service manifestations of the chronic disease." Id.

If evidence of a chronic condition is noted during service or during the presumptive period, but the chronic condition is not "shown to be chronic, or where the diagnosis of chronicity may be legitimately questioned," i.e., "when the fact of chronicity in service is not adequately supported," then a showing of continuity of symptomatology after discharge is required to support a claim for disability compensation for the chronic disease. Proven continuity of symptomatology establishes the link, or nexus, between the current disease and serves as the evidentiary tool to confirm the existence of the chronic disease while in service or a presumptive period during which existence in service is presumed." Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); 38 C.F.R. § 3.303(b).

Service connection for chronic, undiagnosed illness (or a medically unexplained chronic multi-symptom illness such as fibromyalgia, chronic fatigue syndrome, or functional gastrointestinal disorders) arising from service in Southwest Asia during the Gulf War may be established under 38 U.S.C.A. § 1117 and 38 C.F.R. § 3.317. Under those provisions, service connection may be established for objective indications of a chronic disability resulting from an undiagnosed illness or illnesses, provided that such disability (1) became manifest in service on active duty in the Armed Forces in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2016; and (2) by history, physical examination, and laboratory tests cannot be attributed to a known clinical diagnosis. To fulfill the requirement of chronicity, the illness must have persisted for six months. 38 U.S.C.A. § 1117, 38 C.F.R. § 3.317.

Signs or symptoms which may be manifestations of undiagnosed illness include, but are not limited to: fatigue, signs or symptoms involving skin, headache, muscle pain, joint pain, neurologic signs or symptoms, neuropsychological signs or symptoms, signs or symptoms involving the respiratory system (upper or lower), sleep disturbances, gastrointestinal signs or symptoms, cardiovascular signs or symptoms, abnormal weight loss, and menstrual disorders. 38 C.F.R. § 3.317(b).

Compensation shall not be paid under this section, however, if there is affirmative evidence that an undiagnosed illness was not incurred during active military, naval, or air service in the Southwest Asia theater of operations during the Persian Gulf War; or if there is affirmative evidence that an undiagnosed illness was caused by a supervening condition or event that occurred between the Veteran's most recent departure from active duty in the Southwest Asia theater of operations during the Persian Gulf War and the onset of the illness; or if there is affirmative evidence that the illness is the result of the Veteran's own willful misconduct or the abuse of alcohol or drugs. 38 C.F.R. § 3.317(c).

Service connection may be granted for disability which is proximately due to or the result of service-connected disability. 38 C.F.R. § 3.310(a). Where a service-connected disability aggravates a nonservice-connected condition, a Veteran may be compensated for the degree of disability (but only that degree) over and above the degree of disability existing prior to the aggravation. Allen v. Brown, 7 Vet. App. 439, 448 (1995). During the pendency of this claim, 38 C.F.R. § 3.310 was amended, effective October 10, 2006. The amendments to this section are not liberalizing. Therefore, the Board will apply the former version of the regulation.

A veteran's lay statements may be competent to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C.A. § 1153(a); 38 C.F.R. §§ 3.303(a), 3.159(a); see Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Pain is the sort of condition that is observable by a lay person. See also Davidson v. Shinseki, 581 F.3d 1313 (2009) (noting that a layperson may comment on lay-observable symptoms).

The Board acknowledges that the Veteran has a current diagnosis of osteoarthritis and that he has repeatedly reported having experienced muscle joints and pains since the early 1990s. However, the record does not indicate that the Veteran had arthritis in service or in the year following his service discharge in July 1991, and due to his lack of cooperation in appearing for a scheduled VA examination, there is no probative medical opinion linking the current osteoarthritis or muscle/joint pains to active service or to a service-connected disability or to an undiagnosed illness, as is necessary to establish service connection in this instance. In addition, the appellant's the complaints have been attributed to a known clinical diagnosis (osteoarthritis) so provisions authorizing presumptive service connection for undiagnosed illnesses developing in Persian Gulf Veterans would not applicable to this claim.

The Veteran's representative has argued that the Veteran's failure to appear for his May 2013 VA medical examination does not affect his claim for service connection. However, individuals for whom examinations have been authorized and scheduled are required to report for such examinations. 38 C.F.R. § 3.326(a). 

Moreover, 38 C.F.R. § 3.655 provides that, when entitlement to a benefit cannot be established or confirmed without a current VA examination and a claimant, without "good cause," fails to report for an examination scheduled in conjunction with a reopened claim for a benefit which was previously disallowed, the claim shall be denied. Here, the Veteran has not demonstrated good cause for failing to report, although he was notified of the missed examination and its consequences in the May 2013 SSOC and in the August 2014 SSOC. 

The April 2013 notice letter about the May 2013 VA examination appointment and SSOC were sent to the appellant's address of record and neither was been returned as undeliverable. Indeed, the Veteran and his representative have provided no explanation whatsoever for the missed examination. "The duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood, 1 Vet. App. at 193. 

Because the Veteran failed to appear for his May 2013 VA examination, there is no medical opinion of record that addresses the possible etiology of his current osteoarthritis or muscle and joint pain. To the extent that the appellant has offered his own opinion on the etiology of his current osteoarthritis and muscle/joint pains, these conditions can have numerous causes, and medical expertise is required to determine their etiology. 

In addition, there is no indication that he has received any instruction in diagnosing or, more importantly, in determining the etiology of medical conditions. See Black v. Brown, 10 Vet. App. 297, 284 (1997) (in evaluating the probative value of medical statements, the Board looks at factors such as the individual knowledge and skill in analyzing the medical data). Thus, the appellant's unsupported opinion on this matter is not sufficient to establish service connection.

In short, a VA examination and medical opinion were necessary in this case to determine whether the Veteran's current osteoarthritis and muscle/joint pains were related to his active military service or caused or aggravated by service-connected disability or due to an undiagnosed illness. The Veteran was scheduled for such an examination but did not appear. As a result, the record could not be developed in the manner required to establish service connection in this instance, and the appellant's reopened claim for a benefit that was previously disallowed must be denied. See 38 C.F.R. § 3.655(b).

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990). 


ORDER

Service connection for a disorder manifested by muscle and joint pains, to include as due to undiagnosed illness or due to osteoarthritis, is denied.



REMAND

In a January 2013 rating action, the Appeals Management Center (AMC) granted the Veteran's claim of entitlement to service connection for restless leg syndrome (RLS). The AMC assigned a noncompensable evaluation for that disability, effective from May 18, 2004. 

In June 2013, the Veteran's notice of disagreement (NOD) in relation to the noncompensable initial rating for the service-connected RLS was received. The evidence of record does not contain any statement of the case (SOC) issued in response to the Veteran's NOD received in June 2013 as to the increased initial rating claim for the service-connected RSL. 

Therefore that RLS increased initial rating claim must be remanded for the issuance of an SOC. See Manlincon v. West, 12 Vet. App. 238, 240 (1999). VA will notify the Veteran when further action is required. 

To ensure that VA has met its duty to assist in developing the facts pertinent to the claim on appeal and to afford full procedural due process, the case is REMANDED for the following: 

1. Review the Veteran's claim for a compensable initial disability evaluation for the service-connected RLS. 

2. If no additional development is required, prepare an SOC in accordance with 38 C.F.R. § 19.29, unless the matter is resolved by granting the benefits sought, or by the Veteran's withdrawal of the NOD. 

3. If, and only if, the Veteran files a timely substantive appeal, should this issue be returned to the Board. 

The Veteran is hereby notified that it is his responsibility to report for any scheduled examination and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158 and 3.655. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
L. M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs