Citation Nr: 1550149 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 13-04 120 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to an initial compensable rating for bilateral hearing loss. 


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

H.W. Walker, Counsel

INTRODUCTION

The Veteran served on active duty from April 1979 to October 1985. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a January 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York, which granted service connection for bilateral hearing loss and assigned a noncompensable rating. 

In December 2013, the Veteran appeared and testified at a videoconference hearing before the undersigned Acting Veterans Law Judge (VLJ). A transcript of the hearing is associated with the claims file. 

The Veteran's claim was remanded for further development in February 2015, and has since been returned to the Board for adjudication. 

This appeal was processed using the Veterans Benefits Management System (VBMS).


FINDINGS OF FACT

1. For the entire timeframe on appeal, the audiometric examinations correspond to no greater than level I hearing for the right ear and III for the left ear. 
 
 2. The Veteran's hearing loss disability does not present an exceptional or unusual disability picture.


CONCLUSION OF LAW

An initial compensable disability rating for bilateral hearing loss is not warranted. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.1, 4.85, Diagnostic Code 6100, 4.86 (2015).
REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted by or on behalf of the Veteran. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (noting that the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (finding that the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the Veteran's claims, the VA has met all statutory and regulatory notice and duty to assist provisions. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015).

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the Veteran and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the Veteran of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the Veteran is expected to provide; and (4) request that the Veteran provide any evidence in his or her possession that pertains to the claim. The requirement of requesting that the Veteran provide any evidence in his possession that pertains to the claim has been eliminated by the Secretary. See 73 Fed. Reg. 23353 (final rule eliminating fourth element notice as required under Pelegrini II, effective May 30, 2008). Thus, any error related to this element is harmless. 

A VCAA letter dated in February 2010 fully satisfied the duty to notify provisions. See 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b)(1) (2015); Quartuccio, at 187. The Veteran was advised that it was ultimately his responsibility to give VA any evidence pertaining to the claim. The letter informed him that additional information or evidence was needed to support his claim, and asked him to send the information or evidence to VA. See Pelegrini II, at 120-121. The letter also explained to the Veteran how disability ratings and effective dates are determined. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

With respect to the Veteran's claim for a higher rating for his bilateral hearing loss, the Board notes that in cases where a compensation award has been granted and an initial disability rating and effective date have been assigned, the typical claim has been more than substantiated, it has been proven, thereby rendering section 5103(a) notice no longer required because the purpose that the notice is intended to serve has been fulfilled. Id.; see also VAOPGCPREC 8-2003 (December 22, 2003). Thus, because service connection for bilateral hearing loss has already been granted, VA's VCAA notice obligations with respect to that issue are fully satisfied, and any defect in the notice is not prejudicial. See Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007); see also Goodwin v. Peake, 22 Vet. App. 128, 137 (2008) (where a claim has been substantiated after the enactment of the VCAA, the appellant bears the burden of demonstrating any prejudice from defective VCAA notice with respect to any downstream elements).

Furthermore, even if any notice deficiency is present in this case, the Board finds that any prejudice due to such error has been overcome in this case by the following: (1) based on the communications sent to the Veteran over the course of this appeal, the Veteran clearly has actual knowledge of the evidence the Veteran is required to submit in this case; and (2) based on the Veteran's contentions as well as the communications provided to the Veteran by VA, it is reasonable to expect that the Veteran understands what was needed to prevail. See Shinseki v. Sanders/Simmons, 129 S. Ct. 1696 (2009); Fenstermacher v. Phila. Nat'l Bank, 493 F.2d 333, 337 (3d Cir. 1974) ( stating that "no error can be predicated on insufficiency of notice since its purpose had been served."). In order for the Court to be persuaded that no prejudice resulted from a notice error, "the record must demonstrate that, despite the error, the adjudication was nevertheless essentially fair." Dunlap v. Nicholson, 21 Vet. App. 112, 118 (2007). 

In this case, the Veteran has submitted argument in support of his claim. These arguments have referenced the applicable law and regulations necessary for a grant of an increased rating. Thus, the Board finds that the Veteran has actual knowledge as to the information and evidence necessary for him to prevail on his claim and is not prejudiced by a decision in this case. As such, a remand for additional notice would serve no useful purpose and would in no way benefit the Veteran. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (indicating that remands which would only result in unnecessarily imposing additional burdens on the VA with no benefit flowing to the Veteran are to be avoided).

The Board also concludes VA's duty to assist has been satisfied. The Veteran's service treatment records (STRs) and VA medical records are in the file. Private medical records identified by the Veteran have been obtained, to the extent possible. The Veteran reported some private treatment in communications with VA. The AMC sent him a letter in August 2015 requesting identification and release forms for any non-VA treatment records. The Veteran did not submit any release form for non-VA treatment, and submitted a letter indicating treatment at VA facilities. The Veteran has at no time otherwise referenced outstanding records that he wanted VA to obtain or that he felt was relevant to the claim. 

With respect to claims for increased ratings, the duty to assist includes, when appropriate, the duty to conduct a thorough and contemporaneous examination of the Veteran. See Green v. Derwinski, 1 Vet. App. 121 (1991). In addition, where the evidence of record does not reflect the current state of the Veteran's disability, a VA examination must be conducted. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 3.327(a) (2015).

The RO provided the Veteran appropriate VA examinations, most recently in July 2015. The VA examination reports are thorough and supported by the other treatment evidence of record. The examination reports discussed the clinical findings and the Veteran's reported history as necessary to rate the disability under the applicable rating criteria. The examination reports also discussed the functional impact of the Veteran's bilateral hearing loss disability. Based on the examination, the absence of evidence of worsening symptomatology since the examination, and the fact there is no rule as to how current an examination must be, the Board concludes the July 2015 examination report in this case is adequate upon which to base a decision. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate).

Given the July 2015 VA examination and report; the association of outstanding treatment records; and the subsequent readjudication of the claim; the Board finds that there has been substantial compliance with its February 2015 remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (finding that a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand instructions, and imposes upon the VA a concomitant duty to ensure compliance with the terms of the remand); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

Legal Criteria

Disability evaluations are determined by the application of the VA Schedule for Rating Disabilities (Rating Schedule). 38 C.F.R. Part 4 (2015). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Separate evaluations may be assigned for separate periods of time based on the facts found. In other words, the evaluations may be "staged." Hart v. Mansfield, 21 Vet. App. 505 (2007) (staged ratings are appropriate when the factual findings show distinct period where the service-connected disability exhibits symptoms that would warrant different ratings.); see also Fenderson v. West, 12 Vet. App. 119, 126 (2001). A disability may require re-evaluation in accordance with changes in a veteran's condition. It is thus essential, in determining the level of current impairment, that the disability be considered in the context of the entire recorded history. 38 C.F.R. § 4.1.

Factual Background and Analysis

The Veteran contends that his bilateral hearing loss warrants an initial compensable rating.

By way of background, the RO awarded service connection for bilateral hearing loss in a January 2011 rating decision. It assigned a noncompensable rating, effective January 27, 2010. The Veteran appealed the initial rating assigned, as well as the effective date. In an April 2011 rating decision, the RO awarded an effective date of November 17, 2009, for the service-connected bilateral hearing loss. 

38 C.F.R. § 4.85, Diagnostic Code 6100, sets out the criteria for evaluating hearing impairment using puretone threshold averages and speech discrimination scores. Numeric designations are assigned based upon a mechanical use of tables found in 38 C.F.R. § 4.85; there is no room for subjective interpretation. Scores are simply matched against Table VI to find the numeric designation, then the designations are matched with Table VII to find the percentage evaluation to be assigned for the hearing impairment. 

38 C.F.R. § 4.86 allows for the use of either Table VI or Table VIA in determining the appropriate numeric designation when there are exceptional patterns of hearing impairment. The regulation is applicable where testing shows that the veteran had puretone thresholds of 55 decibels or more in each of the specified frequencies (1000, 2000, 3000 and 4000 Hertz ) or when the puretone threshold is 30 decibels or less at 1000 Hertz and 70 or more decibels at 2000 Hertz. See 38 C.F.R. § 4.86.

Ratings for hearing impairment are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345 (1992).

In July 2010, the Veteran was afforded a VA audiological examination, during which puretone thresholds, in decibels, were as follows:




HERTZ



1000
2000
3000
4000
AVG
RIGHT
35
35
30
30
32.5
LEFT
30
40
80
80
57.5

Maryland CNC speech recognition ability was 92 percent in the right ear and 88 in the left ear. The examiner noted that the Veteran's bilateral hearing loss significant impacts his occupation due to his difficulty hearing. 

In July 2015, the Veteran was afforded another VA audiological examination, during which puretone thresholds, in decibels, were as follows:




HERTZ



1000
2000
3000
4000
AVG
RIGHT
25
35
35
25
30
LEFT
25
40
75
70
53

Maryland CNC speech recognition ability was 88 percent in the right ear and 84 in the left ear. The Veteran reported that his bilateral hearing loss causes functional impact as he experiences difficulty hearing and understanding conversational speech.

During the appeal period, it does not appear that the Veteran has received VA treatment for his audiological complaints and is using hearing aids. 

Upon careful review of the evidence of record, the Board finds that the Veteran is not entitled to a compensable rating for his service-connected bilateral hearing loss. 

Using Table VI in 38 C.F.R. § 4.85, the Veteran received a numeric designation of I for the right ear and III for the left ear in 2010 audiological examination; and a designation of I in the right ear and II in the left ear during the 2015 audiological examination. Such a degree of hearing loss warrants a noncompensable evaluation under Table VII-whether using the 2010 or 2015 examination findings. The Veteran does not meet the threshold for an exceptional pattern of hearing impairment in either ear. See 38 C.F.R. § 4.86 (a) & (b).

In Martinak v. Nicholson, 21 Vet. App. 447 (2007), the United States Court of Appeals for Veterans Claims (Court) noted that VA had revised its hearing examination worksheets to include the effect of the Veteran's hearing loss disability on occupational functioning and daily activities. See Revised Disability Examination Worksheets, Fast Letter 07-10 (Dep't of Veterans Affairs Veterans Apr. 24, 2007); see also 38 C.F.R. § 4.10. The Court also noted, however, that even if an audiologist's description of the functional effects of the Veteran's hearing disability was somehow defective, the Veteran bears the burden of demonstrating any prejudice caused by a deficiency in the examination, and here he has not presented any evidence that the examination was defective or that there was any prejudice caused by any deficiency in the examination. Indeed, the Veteran did not report to the examiners that he had additional limitations due to his bilateral hearing loss other than difficulty hearing and understanding others. While the July 2010 VA examination report suggests significant occupational limitations, the report itself does not detail these specifically. Absent such detail, the Board is unable to find a basis for further consideration under Martinak.

The Board has considered the statements made by the Veteran regarding his hearing loss and his in-service noise exposure. The schedular criteria, however, are specific, and the Veteran's bilateral hearing loss is simply not of such severity to warrant a compensable rating based on audiological testing results of record. See Lendenmann, 3 Vet. App. at 349. Therefore, the Veteran's claim for a compensable rating for bilateral hearing loss is denied.

Additional Considerations

The Board also has considered whether the Veteran is entitled to a greater level of compensation on an extraschedular basis. Ordinarily, the VA Schedule will apply unless there are exceptional or unusual factors which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993).

According to the regulation, an extraschedular disability rating is warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. See 38 C.F.R. § 3.321(b)(1) (2015). An exceptional case is said to include such factors as marked interference with employment or frequent periods of hospitalization as to render impracticable the application of the regular schedular standards. See Fanning v. Brown, 4 Vet. App. 225, 229 (1993).

Under Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate the Veteran's level of disability and symptomatology and is found inadequate, the Board must determine whether the Veteran's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director, Compensation Service to determine whether, to accord justice, the Veteran's disability picture requires the assignment of an extraschedular rating.

With respect to the first prong of Thun, the evidence in this case does not show such an exceptional disability picture that the available schedular evaluation for the service-connected bilateral hearing loss is inadequate. A comparison between the level of severity and symptomatology of the Veteran's bilateral hearing loss with the established criteria shows that the rating criteria reasonably describe his disability level and symptomatology with respect to the symptoms he experiences. Specifically, the Veteran primarily reports difficulty hearing and understanding others, and use of hearing aids. The noncompensable rating under Diagnostic Code 6100 during the timeframe on appeal is specific for such symptomatology. Thus, the Veteran's current schedular rating is adequate to fully compensate him for his disability on appeal. 

In short, the rating criteria reasonably describe the Veteran's disability level and symptomatology. The Board, therefore, has determined that referral of this case for extraschedular consideration pursuant to 38 C.F.R. 3.321(b)(1) is not warranted.

Under Johnson v. McDonald, 762 F.3d 1362 (2014), a Veteran may be awarded an extraschedular rating based upon the combined effect of multiple conditions in an exceptional circumstance where the evaluation of the individual conditions fails to capture all the service-connected disabilities experienced. Notably, the Veteran is also service connected for PTSD, thoracolumbar strain, tinnitus, bilateral pes planus, radiculopathy of the bilateral lower extremities, and pseudoporphyria. Neither the Veteran nor his representative has indicated any specific service-connected disabilities which are not captured by the schedular evaluations of these individual service-connected conditions.

After applying the benefit of the doubt under of Mittleider v. West, 11 Vet. App. 181 (1998), the Board finds there are no additional service-connected disabilities that have not been attributed to a specific service-connected condition. Accordingly, this is not an exceptional circumstance in which extraschedular consideration may be required to compensate the Veteran for a disability that can be attributed only to the combined effect of multiple conditions.

Finally, the Board has considered whether this appeal raises a claim of entitlement to a total disability evaluation based upon individual unemployability due to service-connected disability (TDIU). See Rice v. Shinseki, 22 Vet. App. 447 (2009) (a request for TDIU, whether expressly raised by a veteran or reasonably raised by the record, is not a separate claim for benefits, but is rather part of the adjudication of a claim for increased compensation). The Board notes that at no time during the appeal period has the Veteran contended he is unemployable due to his service-connected bilateral hearing loss. Further, there is no suggestion, either from the Veteran or from the evidence itself, that the service-connected bilateral hearing loss has a profound effect on his ability to work in and of itself, as opposed to having an unspecified effects on work (i.e., as noted in the July 2010 VA examination report). Therefore, the Board finds that this appeal does not encompass a TDIU claim at this time.



ORDER

An initial compensable rating for bilateral hearing loss is denied. 


____________________________________________
A. C. MACKENZIE
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs