http://www.va.gov/vetapp16/Files6/1644936.txt

Citation Nr: 1644936 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 10-22 334A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUES

1. Entitlement to an initial compensable rating in excess of 10 percent for the service connected disability of gastroesophageal reflex disease (GERD) with NSAID colitis (also claimed as Crohn's disease and irritable bowel syndrome (IBS)) ("gastrointestinal disability"). 

2. Entitlement to a temporary total disability evaluation based upon convalescence for drainage of a peri-rectal abscess on March 30, 2009, pursuant to 38 C.F.R. § 4.30 (2015). 

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant
ATTORNEY FOR THE BOARD

K. Anderson, Associate Counsel

INTRODUCTION

The Veteran had active military service from October 1994 to July 1996. 

This matter comes to the Board of Veterans' Appeals (Board) from a January 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. 

The Veteran testified at a hearing before the Board in November 2011. A VLJ who conducts a hearing must fully explain the issues and suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). Here, during the hearing, the Veteran was assisted by a representative, and both the representative and the VLJ asked relevant questions concerning the Veteran's symptoms and the resulting impairment, as well as the effect of his disability on his daily life and his occupation. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2).

This claim was previously before the Board in March 2014, at which time the claim was remanded to allow the Agency of Original Jurisdiction (AOJ) to further assist the Veteran in the development of his claim, to include obtaining a medical examination. The requested development has been completed by the RO and with no further action necessary to comply with the Board's remand directives; the case is once again before the Board for appellate consideration of the issue on appeal. Stegall v. West, 11 Vet. App. 268 (1998). 

The Veteran had also filed a claim for entitlement to a temporary total disability evaluation based upon convalescence for drainage of a peri-rectal abscess . However, in a September 2014 rating decision, the RO granted a temporary total disability evaluation for the period from March 30, 2009 to May 31, 2009. As such, this is considered a full grant of that claim and a service connection this temporary evaluation and this claim is no longer before the Board. 38 U.S.C.A. § 7105 (a); Godfrey v. Brown, 7 Vet. App. 398, 408-10 (1995) (pursuant to 38 U.S.C.A. § 7105, a Notice of Disagreement initiates appellate review in the VA administrative adjudication process; and the request for appellate review is completed by the claimant's filing of a substantive appeal (VA Form 1-9 Appeal) after an SOC is issued by VA).

FINDING OF FACT

For the entire period on appeal, the Veteran's gastroesophageal reflex disease (GERD) with NSAID colitis (also claimed as Crohn's disease and irritable bowel syndrome (IBS)) has more nearly approximated persistent recurrent symptoms of epigastric distress with regurgitation. 

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, for the entire period on appeal, the criteria for a disability rating of 30 percent, but no higher for gastroesophageal reflex disease (GERD) with NSAID colitis (also claimed as Crohn's disease and irritable bowel syndrome (IBS)) have been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.321(b), 4.1, 4.3, 4.7, 4.20, 4.114, Diagnostic Code 7346 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

When VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). See also Quartuccio v. Principi, 16 Vet. App. 183 (2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

In cases such as this, where service connection has been granted and an initial disability rating and effective date have been assigned, the typical service connection claim has been more than substantiated, it has been proven, thereby rendering 38 U.S.C.A. § 5103(a) notice no longer required because the purpose that the notice is intended to serve has been fulfilled. Dingess v. Nicholson, 19 Vet. App. 473 (2006); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). The appellant bears the burden of demonstrating any prejudice from defective notice with respect to downstream elements. Goodwin v. Peake, 22 Vet. App. 128 (2008). There has been no allegation of such error in this case.

In any event, VA provided the Veteran notice letters that fully addressed all notice elements. These letters informed the Veteran of what evidence was required to substantiate his underlying claim, and of the Veteran's and VA's respective duties for obtaining evidence. The Veteran has been afforded a meaningful opportunity to participate effectively in the processing of his claim and given ample time to respond.

In light of the above, the Board finds that all notices required by VCAA and implementing regulations were furnished to the Veteran and that no useful purpose would be served by delaying appellate review to send out additional VCAA notice letters.

VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159 (2015).

Service treatment records are associated with claims file. All post-service VA and private treatment records identified by the Veteran have also been obtained. The Veteran has not identified any additional records that should be obtained prior to a Board decision. Therefore, VA's duty to further assist the Veteran in locating additional records has been satisfied. See 38 U.S.C.A. § 5103A(d); see also 38 C.F.R. § 3.159 (c)(4) (2015). 

As noted above, the instant claim was most recently remanded in March 2014 for additional development, specifically obtaining a new VA medical examination and readjudicating the claim. The Veteran was provided a VA examination in June 2014 which is adequate for the purposes of determining service connection as it involved a review of the Veteran's pertinent medical history as well as a clinical evaluation of the Veteran, and provides an etiological opinion with supporting rationale. See generally Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). The claim was then readjudicated by a September 2014 supplemental statement of the case. There has been substantial compliance with the Board's previous remand, and adjudication of the instant claim may proceed. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the appellant in developing the facts pertinent to the issue on appeal is required to comply with the duty to assist. 38 U.S.C.A. §§ 5103 and 5103A; 38 C.F.R. § 3.159.

The Veteran has asserted entitlement to an increased rating for GERD. The Board finds that the evidence of record is in favor of an increased rating as the Veteran's symptoms more nearly approximates a 30 percent evaluation 

Disability ratings are determined by the application of the facts presented to VA's Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.321 (a), 4.1. In evaluating the severity of a particular disability, it is essential to consider its history. 38 C.F.R. § 4.1; Peyton v. Derwinski, 1 Vet. App. 282 (1991). 

Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Where entitlement compensation has already been established and an increase in disability rating is at issue, the present level of the Veteran's current disability is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). The Board has reviewed all evidence of record, as required; however, the more critical evidence consists of the evidence generated during the appeal period. The Board is required to not only to evaluate the medical evidence of record since the filing of the claim for an increased rating but also consider the appropriateness of a "staged rating" (i.e., assignment of different ratings for distinct periods of time, based on the facts). See Hart v. Mansfield, 21 Vet. App. 505 (2007).

GERD is not among the listed conditions in the Rating Schedule. When an unlisted condition is encountered, it will be permissible to rate under a closely related disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous. 38 C.F.R. § 4.20. The Board finds that GERD is most closely analogous to a hiatal hernia in terms of symptomatology and resulting disability picture. However, the Board will consider other Diagnostic Codes, and finds that Diagnostic Code 7319 could be applicable to the Veteran's disability. 

A 10 percent evaluation is warranted for a hiatal hernia with two or more of the symptoms required for a 30 percent evaluation which are of lesser severity than is required for a 30 percent evaluation. A 30 percent evaluation requires persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation accompanied by substernal, arm, or shoulder pain which is productive of considerable impairment of health. A 60 percent evaluation requires symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health.

Diagnostic Code 7319 provides ratings for irritable colon syndrome (spastic colitis, mucous colitis, etc.). Mild irritable colon syndrome, with disturbances of bowel function with occasional episodes of abdominal distress, is rated noncompensable (0 percent) disabling. Moderate irritable colon syndrome, with frequent episodes of bowel disturbance with abdominal distress, is rated 10 percent disabling. Severe irritable colon syndrome, with diarrhea, or alternating diarrhea and constipation, with more or less constant abdominal distress, is rated 30 percent disabling. 
38 C.F.R. § 4.114.

With regard to coexisting abdominal conditions, VA regulation recognizes that there are diseases of the digestive system, particularly within the abdomen, which, while differing in the site of pathology, produce a common disability picture characterized in the main by varying degrees of abdominal distress or pain, anemia and disturbances in nutrition. 38 C.F.R. § 4.113 (2014). Consequently, certain coexisting diseases in this area do not lend themselves to distinct and separate disability evaluations without violating the fundamental principle relating to pyramiding as outlined in § 4.14. Id. Rather, a single evaluation will be assigned under the diagnostic code which reflects the predominant disability picture, with elevation to the next higher evaluation where the severity of the overall disability warrants such elevation. 38 C.F.R. § 4.114. The Board also notes that, with regard to the schedule of ratings for the digestive system, section 4.114 expressly prohibits, in pertinent part, the combination of ratings under Diagnostic Codes 7301 to 7329, inclusive, 7331, 7342, and 7345 to 7348 which include the schedular criteria for irritable colon syndrome (Diagnostic Code 7319) and hiatal hernia (Diagnostic Code 7346). 

The Veteran underwent a VA examination in June 2014 to determine the current severity of his service connected GERD or colitis or IBS. At this examination, it was noted that the Veteran carries a diagnosis of irritable colon, irritable bowel syndrome with diarrhea as well as a surgeries for a rectal abscess in March and April 2009. Upon examination, it was noted that the Veteran currently suffers from persistently recurrent epigastric distress, reflux, regurgitation, sleep disturbance caused by esophageal reflux as well as nausea, occurring four or more time per year for a period of 10 days or more on average. The examiner did not find any evidence of an esophageal stricture, spasm of esophagus, or an acquired diverticulum of the esophagus. In addition, no other pertinent physical findings, complications, conditions, signs and/or symptoms related to the Veteran's diagnosis of GERD were found. Lastly, the examiner noted that none of the Veteran's esophageal conditions had an impact on his ability to work. 

In December 2009, the Veteran underwent a colonoscopy at a VA medical center and he was found to have external skin tags, anal ulcerations, internal hemorrhoids, and moderately severe colitis in the cecum, ascending colon, and terminal ileum. The examiner noted that that rest of the colon appeared normal. Biopsies indicated chronic colitis which would normally suggest ongoing chronic inflammatory bowel disease. It was noted that in the previous two years, the Veteran had perirectal abscess that was suggestive of Crohn's disease; however, the Veteran was surgically treated and was told that it was actually an infected pilonidal cyst. 

In December 2008, the Veteran underwent another VA examination. At this time, he denied weight gain or loss, nausea or vomiting, fistula and constipation. He did report having diarrhea. He reported that he experienced 4-5 bowel movements daily, without blood. He would experience abdominal pain and cramping, bloating, chills that could last for minutes or hours. He was prescribed omeprazole 20 mg. At the end of the examination, the Veteran was diagnosed with NSAID induced colopathy. However, the examiner noted that his most recent colonoscopy was normal due to cessation of NSAID's, and as such this issue was considered resolved. The Veteran was also diagnosed with GERD with irritable bowel syndrome. 

An overall review of the Veteran's post service treatment notes from VA and other private doctors showed no evidence of fistula, fissures, or fecal incontinence. 
The diagnoses range between NSAID colitis, GERD and Crohn's diseases. Between 2008 and 2009 the Veteran had recurrent anal pain with drainage, that was since resolved when he underwent surgery when he spontaneously drained a perianal abscess and then further drained the abscess in surgery. In July 2009 it was noted that the he did have some continued draining from the site, but it was not succulent or purulent. He had normal bowel movements and was taking probiotics, and his colorectal surgeon found no evidence of fistula. A gastroenterology treatment note from October 2012 notes that the Veteran had a history of NSAID induced ileocolitis vs. Crohn's. The Veteran had been non-compliant with mesalamine but was doing well off NSAIDs. His colonoscopy from May 2012 and a biopsy were negative for inflammation in TI and throughout colon. At the time of this treatment note the Veteran had no lower GI complaints. He did have some complaints of worsening GERD symptoms and his prescription was changed to Omeprazole. A primary care treatment note from April 2013 notes that the Veteran was being followed in gastroenterology for his colitis, taking omeprazole, and tolerating Tramadol without any flare-ups. 

The Board notes that in order for the Veteran to receive a disability rating in excess of 10 percent, the evidence must show severe irritable colon syndrome with diarrhea or alternating diarrhea and constipation, with "more or less" constant abdominal distress. 38 U.S.C.A. § 4 .114, Diagnostic Code 7319. Or the evidence must show persistently recurrent epigastric distress with dysphagia, pyrosis, and regurgitation accompanied by substernal, arm, or shoulder pain which is productive of considerable impairment of health. 38 U.S.C.A. § 4.114, Diagnostic Code 7346. 

The Board has reviewed the probative evidence of record, to include the Veteran's statements and evidentiary submissions. The evidence shows, for the entire appeal period, an increased evaluation of 30 percent is warranted for the Veteran's GERD or colitis or IBS. His examinations and treatment records show that he has persistently recurrent epigastric distress that is productive of a considerable impairment of health. Specifically, at his June 2014 examination, it was noted that the Veteran has severe reflux and regurgitation symptoms since 1990's and continues to have severe regurgitation despite being on maximum dosage of Omeprazole. Further, the Veteran's epigastric distress causes sleep disturbances. 

An evaluation greater than 30 percent is not warranted at this time because there was no evidence of vomiting, weight loss, hematemesis or melena with moderate anemia. See 38 U.S.C.A. § 4.114, Diagnostic Code 7346. Under diagnostic Code 7319 for Irritable Colon Syndrome, the Veteran is only entitled to a maximum 30 percent rating, and since the Board is granting a 30 percent evaluation under Diagnostic Code 7346, further evaluation under Diagnostic Code 7319 is not necessary, as a 30 percent disability rating is the highest evaluation under that Diagnostic Code. 

In short, the Board has considered rating the service-connected disability under other possibly applicable diagnostic codes found at 38 C.F.R. § 4.114 (containing the schedule for rating disorders of the digestive system), but finds none applicable that would grant the Veteran a higher disability rating. See Butts v. Brown, 5 Vet. App. 532, 538 (1993).

Extraschedular 

The Board has considered whether referral for extraschedular consideration is warranted. An extraschedular disability rating is warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. 38 C.F.R. § 3.321 (b)(1) (2015); see Fanning v. Brown, 4 Vet. App. 225, 229 (1993).

Under Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology and is found inadequate, the Board must determine whether the claimant's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the VA Under Secretary for Benefits or the Director of the Compensation Service to determine whether the veteran's disability picture requires the assignment of an extraschedular rating.

The Board finds that the symptomatology and impairment caused by the Veteran's service-connected GERD and other gastrointestinal disabilities are specifically contemplated by the schedular rating criteria, and no referral for extraschedular consideration is required. In this case, considering the lay and medical evidence, the Veteran's disability has manifested symptoms such as severe diarrhea and abdominal distress. The 30 percent disability rating for his disability (granted herein) covers his symptoms, specifically of epigastric distress with severe regurgitation. While the Veteran's symptoms are moderately-severe under Diagnostic Code 7346, which directly addressed abdominal distress and regurgitation (the Veteran's general symptoms), the Veteran's symptoms did not result in vomiting, weight loss, hematemesis or melena with moderate anemia such that they warrant a severe or pronounced rating under Diagnostic Code 7346. As such, the Veteran's gastrointestinal symptoms were adequately addressed under the criteria of Diagnostic Code 7346, and higher ratings were not applicable under an alternative Diagnostic Code.

The schedule is intended to compensate for average impairments in earning capacity resulting from service-connected disability in civil occupations. 38 U.S.C.A. § 1155. "Generally, the degrees of disability specified [in the rating schedule] are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability." 38 C.F.R. § 4.1. In this case, the symptoms reported by the Veteran regarding the service-connected GERD are specifically contemplated by the criteria discussed above, including the effect of the Veteran's symptoms on his daily life. In the absence of exceptional factors associated with his gastrointestinal disability, the Board finds that the criteria for submission for assignment of an extraschedular rating pursuant to 38 C.F.R. § 3.321 (b)(1) are not met. See Bagwell v. Brown, 9 Vet. App. 337 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995). 

The Board has also considered whether an inferred claim for a total disability rating based on individual unemployability (TDIU) under Rice v. Shinseki, 22 Vet. App. 447 (2009) has been raised. However, the Veteran was granted a temporary 100 percent evaluation for the period of March 30 to May 31, 2009. Then the Veteran was granted individual unemployability since November 8, 2009 based upon application submitted in November 2009. On this application the Veteran stated that November 5, 2009 was the last date upon which he worked full-time. As such, further discussion of TDIU under Rice is not before the Board and no further action is required.

ORDER

For the entire period on appeal, a 30 percent disability rating, but no higher, for service-connected gastroesophageal reflex disease (GERD) with NSAID colitis (also claimed as Crohn's disease and irritable bowel syndrome (IBS)) is granted, subject to controlling regulations applicable to the payment of monetary benefits. 

____________________________________________
D.C. SPICKLER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs