Citation Nr: 1725266 
Decision Date: 06/21/17 Archive Date: 07/17/17

DOCKET NO. 12-30 712A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUE

Entitlement to a compensable initial rating for bilateral hearing loss beginning May 31, 2012.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Mountford, Associate Counsel

INTRODUCTION

The Veteran had active military service from June 1966 to December 1971.

This matter comes before the Board of Veterans' Appeals (Board) from the September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Hartford, Connecticut.

The Veteran appeared at a May 2013 hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record. This matter was previously before the Board in December 2014 and was remanded for further development.

Originally, the issues before the Board included service connection for right ear hearing loss and entitlement to a compensable rating for left ear hearing loss. In a May 2015 rating decision, service connection for right ear hearing loss was granted with an evaluation of 0 percent and effective date of May 31, 2012. As both of the Veteran's ears are now service connected, the issue before the Board is entitlement to a compensable initial rating for bilateral hearing loss, as stated on the title page.


FINDING OF FACT

Throughout the period on appeal, the Veteran's bilateral hearing loss disability was manifested by no worse than Level I hearing impairment in the right ear and Level I hearing impairment in the left ear.


CONCLUSION OF LAW

The criteria for a compensable initial rating for bilateral hearing loss, beginning May 31, 2012, have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.7, 4.85, Diagnostic Code 6100 (2016).
REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.159, 3.326 (2016); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

The Veteran's appeal for a compensable initial rating for bilateral hearing loss arises from his disagreement with the initial rating awarded following the grant of service connection for that disability. Where the initial claim is one for service connection, once service connection has been granted, the claim has been substantiated. Therefore, the initial intended purpose of the notice has been fulfilled and additional VCAA notice under § 5103(a) is not required. Any defect in the notice is not prejudicial. Goodwin v. Peake, 22 Vet. App. 128 (2008); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). Rather, once a notice of disagreement has been filed, for example, contesting a downstream issue such as the initial rating assigned to the disability, only the notice requirements for a rating decision and Statement of the Case described in 38 U.S.C.A. §§ 5104 and 7105 control as to the further communications with the Veteran, including as to what evidence is necessary to establish a more favorable decision. 38 C.F.R. § 3.159(b)(3). Here, the RO provided the Veteran the required Statement of the Case in October 2012. The Statement of the Case cites the applicable statutes and regulations pertaining to his claim. 

As for the duty to assist, the Veteran's service treatment records and VA medical treatment records have been obtained. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The Veteran has not identified, and the record does not otherwise indicate, any additional relevant medical records that have not been obtained and associated with his file. Additionally, a May 2015 VA examination was scheduled in connection with the current claim. Therefore, VA has substantially complied with the notice and assistance requirements and the Veteran is not prejudiced by a decision on his claim at this time.

II. Compliance with Prior Board Remands

The Board observes that this case was previously remanded by the Board in December 2014. The purpose of this remand was to schedule the Veteran for a VA examination. Upon remand, the Veteran underwent an audiological VA examination in May 2015. The Board therefore finds that there was substantial compliance with the prior remand order, as is discussed more fully below, and the Board may continue with its determination. Stegall v. West, 11 Vet. App. 268 (1998). 
 
III. Other Due Process Considerations

As noted in the Introduction, the Veteran was afforded a hearing before the undersigned VLJ in May 2013. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the VLJ asked the Veteran specific questions concerning the symptoms of and treatment for his bilateral hearing loss. The hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate the claim. In addition, the Veteran was assisted at the hearing by an accredited representative from DAV. No pertinent evidence that might have been overlooked and that might substantiate the claim was identified by the Veteran or his representative. Neither the representative nor the Veteran has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2).


IV. Legal Criteria for Increased Ratings Generally

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule). 38 C.F.R. Part 4 (2016). The Rating Schedule is primarily a guide in the evaluation of disabilities resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 199 (1999).

VA should interpret reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability. 38 C.F.R. § 4.2. Any reasonable doubt regarding the degree of disability shall be resolved in favor of the claimant. 38 C.F.R. § 4.3. Where there is a question as to which of two evaluations apply, the higher of the two should be assigned where the disability picture more nearly approximates the criteria for the next higher rating. 38 C.F.R. § 4.7. 

V. Hearing Loss 

In evaluating service connected hearing loss, disability ratings are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are performed. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). Hearing loss disability evaluations range from noncompensable to 100 percent based on organic impairment of hearing acuity, as measured by controlled speech discrimination tests in conjunction with the average hearing threshold, as measured by pure tone audiometric tests in the frequencies 1,000, 2,000, 3,000 and 4,000 cycles per second. 

The rating schedule establishes 11 auditory acuity levels designated from Level I for essentially normal hearing acuity, through Level XI for profound deafness. VA audiometric examinations are conducted using a controlled speech discrimination test together with the results of a pure tone audiometry test. The horizontal rows in Table VI (in 38 C.F.R. § 4.85) represent nine categories of the percentage of discrimination based on the controlled speech discrimination test. The vertical columns in Table VI represent nine categories of decibel loss based on the pure tone audiometry test. The numeric designation of impaired hearing (Levels I through XI) is determined for each ear by intersecting the horizontal row appropriate for the percentage of discrimination and the vertical column appropriate to the pure tone decibel loss.

The percentage evaluation is found from Table VII (in 38 C.F.R. § 4.85) by intersecting the horizontal row appropriate for the numeric designation for the ear having the better hearing acuity and the appropriate vertical column to the numeric designation level for the ear having the poorer hearing acuity. See 38 C.F.R. § 4.85 (e) (2015). 

The provisions of 38 C.F.R. § 4.86 (a) provide that when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Each ear will be evaluated separately. The provisions of 38 C.F.R. § 4.86 (b) provide that when the pure tone threshold is 30 decibels or less at 1,000 hertz, and 70 decibels or more at 2,000 hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever result provides the higher numeral. That numeral will then be elevated to the next higher Roman numeral. Each ear will be evaluated separately.

VI. Analysis

The Veteran contends that he is entitled to a compensable initial rating for his service connected bilateral hearing loss. The Board acknowledges that the Veteran's military occupational specialty was a pilot. Therefore, military noise exposure is presumed. The Veteran was granted service connection for left ear hearing loss in September 2012 with an effective date of May 31, 2012 and right ear hearing loss in May 2015 with an effective date of May 31, 2012.

In July 2012, the Veteran underwent a VA audiological evaluation. Pure tone thresholds, in decibels, were as follows: 




HERTZ



500
1000
2000
3000
4000
RIGHT
20
15
25
30
35
LEFT
15
25
25
60
65

The average pure tone threshold was 26 in the right ear and 44 in the left ear. 

Speech audiometry revealed speech recognition ability of 94 percent in the right ear and of 94 in the left ear. These scores correlate to a Roman Numeral I for each ear under Table VI of 38 C.F.R. § 4.85. A noncompensable rating is warranted under Diagnostic Code 6100 when these auditory acuity levels are entered into Table VII of 38 C.F.R. § 4.85. The examiner noted that the only impact of the Veteran's hearing loss on his occupational activities is difficulty hearing and understanding conversational speech.

Pursuant to the Board's December 2014 remand instructions, the Veteran was provided with another VA audiological examination in May 2015. Audiometric testing was conducted at this VA examination, and pure tone thresholds, in decibels, were as follows:




HERTZ



500
1000
2000
3000
4000
RIGHT
35
25
35
40
40
LEFT
25
30
35
65
65

The average pure tone threshold was 35 in the right ear and 49 in the left ear. Speech audiometry revealed speech recognition ability of 100 percent in the right ear and of 100 in the left ear.

These scores correlate to a Roman Numeral I for each ear under Table VI of 38 C.F.R. § 4.85, again resulting in a noncompensable rating bilateral hearing loss. The Veteran reported that he has a functional impact on his life due to his hearing loss as he has trouble understanding speech, must ask people to repeat themselves often, and plays the television too loud.

At his May 2013 Board hearing, the Veteran testified that he has trouble at both home and work hearing individuals and has to ask those around him to speak louder. Additionally, the Veteran stated that he often has to repeat himself as he does not talk loud enough because he is unable to hear the appropriate volume needed for the conversation.

As discussed in greater detail above, the objective audiometric findings from pure tone and Maryland CNC speech discrimination testing conducted over the entirety of the relevant appeal period demonstrate, at worst, a hearing impairment corresponding to Roman numeral I for the right ear and Level I for the left ear under Tables VI of 38 C.F.R. § 4.85. See also, 38 C.F.R. § 4.86. Applying these scores to Table VII of 38 C.F.R. § 4.85 demonstrates entitlement to a 0 percent, or a noncompensable, disability rating under VA's Schedule for Rating Disabilities. The evidence thus demonstrates that the Veteran's hearing loss does not meet the criteria for a compensable disability rating on a schedular basis under Diagnostic Code 6100 at any point during the relevant appeal period. 

The Board notes that the Veteran does not have exceptional patterns of hearing loss as defined in 38 C.F.R. § 4.86. Thereby, a higher rating is not warranted for the Veteran's bilateral hearing loss.

Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the disability. See 38 C.F.R. § 4.1. The Board notes that in exceptional cases where evaluations provided by the Rating Schedule are found to be inadequate, an extraschedular evaluation may be assigned which is commensurate with the veteran's average earning capacity impairment due to the service connected disorder. 38 C.F.R. § 3.321(b). 

The evidence demonstrates that the Veteran has difficulty hearing and understanding speech. The Board finds these symptoms neither exceptional nor unusual of a hearing loss disability, and finds them be sufficiently contemplated by the rating criteria. 

Therefore, the record does not reflect a disability picture that is so exceptional or unusual that the normal provisions of the Rating Schedule would not adequately compensate the Veteran for his bilateral hearing loss. Hence, referral for consideration of an extraschedular rating for either period of time discussed above is not warranted. 

Additionally, the Court has held that a claim for a total rating based on unemployability due to service connected disabilities (TDIU), either expressly raised by a veteran or reasonably raised by the record, involves an attempt to obtain an appropriate rating for a disability and is part of the claim for an increased rating. Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, the Veteran has not asserted that he is totally unemployable as the result of his service connected disabilities. Accordingly, the Board concludes that a claim for TDIU has not been raised.

In conclusion, the weight of the evidence is against a finding of entitlement to a compensable evaluation for the Veteran's bilateral hearing loss on a schedular or extraschedular basis. As the preponderance of the evidence is against the Veteran's claim, the benefit of the doubt rule is not applicable, and the appeal must be denied. See 38 U.S.C.A. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990).



(CONTINUED ON NEXT PAGE)

ORDER

Entitlement to a compensable initial rating for bilateral hearing loss, beginning May 31, 2012, is denied.



____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs